487 A.2d 420

**COMMONWEALTH of Pennsylvania**

v.

**William KIOSKE, Appellant.**

Superior Court of Pennsylvania.

Submitted April 16, 1984.

Filed Jan. 18, 1985.

Petition for Allowance of Appeal
Denied Aug. 12, 1985.

594

Lawrence D. MacDonald, Wilkes-Barre, for appellant.

Joseph C. Giebus, Assistant District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before MONTEMURO, CERCONE and HESTER, JJ.

MONTEMURO, Judge:

On March 24, 1982, appellant, William Kioske, pled guilty before the Honorable Bernard J. Podcasy, of the Court of Common Pleas of Luzerne County, to sixty-eight (68) counts of burglary,[1] sixty-four (64) counts of theft,[2] fifty-six (56) counts of criminal conspiracy,[3] two (2) counts of receiving

1. 18 Pa.C.S. § 3502.
2. *Id.* § 3921.
3. *Id.* § 903.

stolen property,[4] one (1) count of criminal mischief,[5] and one (1) count of criminal attempt.[6]  Immediately prior to sentencing, on January 11, 1983, appellant made an oral motion to withdraw his guilty plea.  Following arguments on the matter, appellant's motion was denied.

Appellant was sentenced to seven (7) consecutive terms of imprisonment:  six (6) one to ten (1–10) year terms and one (1) one and one-half to twenty (1½–20) year term.  Appellant filed a timely post-sentence motion to withdraw his guilty plea and/or to modify the sentences imposed.  A hearing was held on this motion on February 3, 1983, at the conclusion of which, the motion was denied.  This appeal followed.

Appellant argues:  (1) that the lower court erred in taking "judicial notice" that substantial prejudice would result to the Commonwealth if appellant's pre-sentence motion to withdraw his guilty plea was granted;  (2) that the lower court erred in "summarily" denying appellant's pre-sentence motion to withdraw his guilty plea;  (3) that the sentences imposed did not conform to the plea agreement accepted by the lower court;  and (4) that the lower court erred in imposing restitution without a specific finding of appellant's ability to make restitution and in allegedly delegating the determination of amounts of restitution.

We affirm in part and reverse and remand in part.

We begin our opinion with a discussion of appellant's second assignment of error for the reason that our disposition of the issues raised therein renders any discussion of appellant's first assignment of error unnecessary.[7]

4.  *Id.* § 3925.

5.  *Id.* § 3304.

6.  *Id.* § 901.

7.  Suffice it to say that, regarding appellant's first assignment of error, it is apparent from the transcript of the January 11, 1983 hearing that the lower court did not in fact take "judicial notice" of substantial prejudice to the Commonwealth.  We read the lower court's use of the phrase "judicial notice" to be merely a somewhat inartful announcement of its finding based upon factors which were fully set forth.

Appellant's second assignment of error alleges that the lower court erred in "summarily" denying his pre-sentence motion to withdraw his guilty plea. In addition to specifically arguing that the lower court's denial was "summary", appellant also argues that the denial constituted error because the evidence offered to substantiate the Commonwealth's claim of substantial prejudice was insufficient.

Generally, we note that Pa.R.Crim.P. 320 authorizes courts, in their discretion, to permit or direct a plea of guilty to be withdrawn at any time prior to sentencing. Requests to withdraw guilty pleas prior to sentencing are to be liberally allowed for any "fair and just" reason unless the Commonwealth will suffer "substantial prejudice" thereby. *Commonwealth v. Forbes*, 450 Pa. 185, 299 A.2d 268 (1973); *Commonwealth v. Dorian*, 314 Pa.Super. 244, 460 A.2d 1121, *aff'd*, 503 Pa. 116, 468 A.2d 1091 (1983).

Regarding that element of appellant's argument that specifically alleges that the lower court "summarily" denied his pre-sentence motion to withdraw, we find that there is no support for this contention in the pertinent part of the record before us. It is clear that the lower court entertained appellant's motion, heard arguments from both the Commonwealth and appellant, and fully set forth its reasons for denying the motion. Appellant's motion was therefore not "summarily" denied.[8]

Appellant's contention that the evidence offered to substantiate the Commonwealth's claim of substantial prejudice

---

8. For some inexplicable reason, appellant refers us to *Commonwealth v. Karabin*, 292 Pa.Super. 374, 437 A.2d 431 (1981), wherein we found that a pre-sentence motion to withdraw a guilty plea must be responded to by the hearing court prior to the imposition of sentence. We find nothing in the record before us indicating that appellant's motion was not responded to prior to sentencing.

Additionally, appellant implies in his brief that the lower court somehow erred in not holding a full, separate hearing on appellant's pre-sentence motion. Given the adequacy of the lower court's impromptu hearing on the matter, we find that a separate hearing was unnecessary. *Compare, Commonwealth v. Smith*, 295 Pa.Super. 361, 441 A.2d 1273 (1982) (denial of post-sentence motion to withdraw guilty plea without a hearing not error).

was insufficient and that, therefore, the lower court erred in denying appellant's pre-sentence motion to withdraw his guilty plea, we find to be misdirected.

■ As noted above, courts must liberally allow pre-sentence requests to withdraw guilty pleas for any "fair and just" reason. *See Forbes, supra.* Only upon a defendant's presentation of a "fair and just" reason for withdrawal will a court then consider the prejudice to the Commonwealth resulting from the withdrawal. In *Commonwealth v. Mosley*, 283 Pa.Super. 28, 423 A.2d 427 (1980), we stated, "While a pre-sentence withdrawal request should be liberally considered, defendant *must* present a fair and just reason for withdrawing the plea." *Id.*, 283 Pa.Superior Ct. at 29, 423 A.2d at 428 (emphasis added).

We have carefully reviewed the transcript of the January 11, 1983 sentencing hearing, at the commencement of which appellant made his oral request to withdraw his plea, and we have been unable to find the presentation of any reason, "fair and just" or otherwise, in support of appellant's requested withdrawal.

■ The absence of a "fair and just" reason provided the lower court with a legal basis for denying appellant's pre-sentence request to withdraw his guilty plea. There was no requirement that the lower court additionally find substantial prejudice to the Commonwealth. We, therefore, find that the denial of appellant's pre-sentence request was proper and we need not reach the merits of appellant's argument that the evidence supporting the Commonwealth's claimed prejudice was insufficient.

Appellant's third assignment of error alleges that the sentences imposed by the lower court did not conform to the plea agreement entered into by appellant and accepted by the lower court and that, therefore, appellant's post-sentence motions were improperly denied. Specifically, appellant contends that the lower court's imposition of six (6) consecutive one (1) to ten (10) year terms and a final one

and one-half (1½) to twenty (20) year term on seven (7) of the informations filed against appellant did not comply with the plea agreement, which appellant allegedly understood anticipated simply one (1) seven and one-half (7½) to eighty (80) year term of imprisonment. Appellant argues that, as sentenced, he will have to qualify for parole at the end of each consecutive minimum term in order to be released at the end of seven and one-half (7½) years. Although we agree that such is the consequence of the manner of sentencing, we fail to find any lack of conformance with the plea agreement.

At the March 24, 1982 hearing on appellant's request to plead guilty, District Attorney Robert J. Gillespie, Jr., set forth the terms of appellant's plea agreement:

MR. GILLESPIE: The Defendant [appellant], Your Honor, will enter pleas of guilty as charged. At the same time the Commonwealth would recommend to the Court and a specific part of the plea agreement that the Defendant be sentenced to a period of incarceration, the total period of incarceration would carry a minimum sentence of ... seven and-a-half years, and a maximum period of incarceration, an effective maximum period of incarceration of 80 years.

N.T. March 24, 1982, at 2–3.[9] During the lower court's subsequent colloquy with appellant, the lower court inquired concerning appellant's understanding of the plea agreement:

THE COURT: If any promises, deals, or agreements have been made with you in connection with your guilty pleas, would you please state for the record your understanding of what those promises, deals, or agreements are?

THE DEFENDANT: Seven and-a-half to eighty years.

9. It should be noted that the plea agreement at issue was not set forth in a separate writing and is recorded only as articulated in the transcript of the March 24, 1982 hearing. See N.T. March 24, 1982, at 19–20.

THE COURT: That would be a minimum term of imprisonment of seven and-a-half years and maximum term of eighty years. Is that correct?

THE DEFENDANT: Yes.

THE COURT: And do you understand that?

THE DEFENDANT: Yes.

N.T. March 24, 1982, at 19.

It is clear that the terms of the plea agreement as ultimately accepted by the lower court, and as understood by the appellant, provided for a minimum period of imprisonment of seven and one-half (7½) years and a maximum period of imprisonment of eighty (80) years.

We are mindful that upon acceptance of the plea agreement, N.T. January 11, 1983, at 7, the lower court was bound to comply with its terms. *See* Comment, Pa.R. Crim.P. 319. We find that the sentences imposed upon appellant strictly complied with the terms of the appellant's plea agreement.[10]

Appellant's final assignment of error challenges the lower court's sentencing of appellant to make restitution[11] without a specific finding of appellant's financial capabilities and the lower court's alleged delegation of the determination of amounts of restitution. Both the Commonwealth and the appellant argue that the lower court's errors in these respects warrant reversing and remanding the lower court's judgment of sentence insofar as it imposes restitution. We agree.

In *Commonwealth v. Valent,* 317 Pa.Super. 145, 463 A.2d 1127 (1983), we posited,

---

10. Appellant additionally argues that, pursuant to 42 Pa.C.S. § 9757, the lower court was required to state on the sentencing record the total minimum sentence of the consecutive sentences imposed, and that the lower court failed to do so. We find this argument to be wholly unsupported by the record. *See* N.T. January 11, 1983, at 13–14.

11. 18 Pa.C.S. § 1106.

When imposing restitution, there are four factors to be considered by the sentencing court: (1) the amount of loss suffered by the victim; (2) the fact that defendant's action caused the injury; (3) the amount awarded does not exceed defendant's ability to pay; (4) the type of payment that will best serve the needs of the victim and the capabilities of the defendant.

*Id.*, 317 Pa.Superior Ct. at 146, 463 A.2d at 1128. *See also Commonwealth v. Fuqua*, 267 Pa.Super. 504, 407 A.2d 24 (1979); 18 Pa.C.S. 1106(c). Furthermore, in *Commonwealth v. Erb*, 286 Pa.Super. 65, 428 A.2d 574 (1981), we noted that sentencing courts are "not free to delegate these duties to an agency." *Id.*, 286 Pa.Superior Ct. at 81, 428 A.2d at 582.

As to each of the informations filed in the case *sub judice,* the sentencing court simply stated to whom restitution was to be made and the individual amounts thereof. Regarding any disputed amounts, the sentencing court delegated the final determination to the Luzerne County Adult Probation Department. The sentencing court additionally failed to make any specific findings with reference to appellant's ability to make restitution or to the type of payment scheme envisioned.

We reverse and remand that part of the lower court's judgment of sentence imposing restitution. Re-sentencing should only follow a full hearing held consistent with this opinion and our opinions in *Valent, supra,* and *Erb, supra.*

In sum, we affirm the lower court's denial of appellant's pre-sentence motion to withdraw his guilty plea and we affirm the lower court's judgment of sentence as it relates to the seven (7) consecutive terms of imprisonment imposed.

We reverse and remand that part of the lower court's judgment of sentence imposing restitution.

Affirmed in part and reversed and remanded in part. Jurisdiction is relinquished.