523 A.2d 741

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Irvin GASS, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 15, 1986.

Decided April 6, 1987.

288

M. Dan Mason (Court-appointed), Meadville, for appellant.

John M. Dawson, Dist. Atty., Meadville, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

This appeal arises from an incident which occurred on October 19, 1978, at which time Joseph Marzka was killed in the course of an argument with Appellant. Appellant was found guilty of murder of the first degree following a jury trial. He was sentenced to life imprisonment on July 31, 1979. Post-verdict motions were denied and this Court affirmed the judgment of sentence by *per curiam* opinion on April 10, 1980. *Commonwealth v. Gass*, 488 Pa. 512, 412 A.2d 882 (1980). Appellant then filed a Petition for Relief Under the Post Conviction Hearing Act,[1] which, after an evidentiary hearing on August 21, 1981, was denied by the Court of Common Pleas on May 18, 1983. The Superior Court affirmed the denial of post-conviction relief on December 7, 1984. 339 Pa.Super. 615, 488 A.2d 1163. This appeal followed.

In this appeal, Appellant argues that 1) trial counsel was ineffective in failing to request a specific jury instruction that not guilty by reason of insanity was a possible verdict and an instruction as to the consequences of an acquittal by reason of insanity, and 2) trial counsel was ineffective for failing to object to the use of published articles during the cross-examination of Appellant's expert witness, Dr. Thompson.

■ When confronted with claims of ineffectiveness, reviewing courts are governed by the standard as set forth by this Court in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967):

Our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the

1. Post Conviction Hearing Act, Act of Jan. 25, 1966, P.L. 1580, § 1, 19 P.S. § 1180–1 et seq., reenacted as Act of May 13, 1982, No. 122, § 2, 42 Pa.C.S. § 9541 et seq.

record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that the trial counsel's decision had any reasonable basis.

*Id.*, 427 Pa. at 604, 235 A.2d at 352–53. We also noted in *Maroney* that:

> ... for relief to be granted, *Appellant* must demonstrate that counsel's ineffectiveness worked to his prejudice....

*Commonwealth ex rel. Washington v. Maroney, supra,* 427 Pa. at 605 n. 8, 235 A.2d at 353 n. 8. See also, *Commonwealth v. Bandy,* 494 Pa. 244, 431 A.2d 240 (1981). The threshold inquiry is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness, was of arguable merit, *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977), for counsel cannot be considered ineffective for failure to assert a meritless claim. *Commonwealth v. Stoyko,* 504 Pa. 455, 475 A.2d 714 (1984). With the *Maroney* standard in mind, we proceed to Appellant's specific claims of ineffectiveness.

Appellant first asserts that trial counsel was ineffective in failing to request a jury instruction that not guilty by reason of insanity was a possible verdict. Appellant relies on *Commonwealth v. Mulgrew,* 475 Pa. 271, 380 A.2d 349 (1977), for the proposition that once the issue of insanity has been raised, the court must state in its charge that "not guilty by reason of insanity" is a separate and distinct verdict in the case. Appellant further contends that the jury must be made aware of the meaning of such verdict, i.e., that it could mean that a defendant would be subject to commitment proceedings and psychiatric treatment.

Insanity was clearly at issue in Appellant's trial. In fact, Appellant's defense rested solely upon a claim of insanity. The only witness presented by the defense was a psychiatrist. The Commonwealth's evidence was undisputed. At the conclusion of the jury instruction, after the trial judge had recited the law on insanity generally and on homicide, he summarized the jury's options as follows:

If you find the Defendant not guilty, that ends it. If you find him guilty, then you have to go on and specify the degree of the offense, if you find the Defendant guilty of murder in the first degree or the third degree or voluntary manslaughter or involuntary manslaughter. So there are *five possible verdicts* that you come in with. With our instructions, four types of homicide, and of course, one of not guilty. (Emphasis added.)

The court did not specifically state that not guilty by reason of insanity was a sixth possible verdict and, while the jury was aware of the insanity defense because it was raised at trial, the court's charge did not cover it as a separate and distinct option. Despite the obvious error of the trial judge in failing to specify that a verdict of not guilty by reason of insanity was possible, trial counsel did not object to the omission.

In support of his contention that this omission constituted ineffectiveness of counsel, Appellant contends that the jury could conceivably have disbelieved all of the Commonwealth's witnesses and found him "not guilty," or that they might have believed both the Commonwealth's witnesses and the defense psychiatrist and found him "not guilty by reason of insanity." Since this was at least theoretically possible, Appellant argues that the instruction given was confusing and misleading and should reasonably have drawn objection from his trial counsel. We agree with Appellant that the instruction was legally incorrect, and that there is no apparent reason for trial counsel's failure to object to this oversight. Thus, Appellant's claim is of arguable merit.

Our next inquiry is whether there was a reasonable basis for trial counsel's failure to request such an instruction and/or object to the charge given to the jury. Trial counsel testified at the P.C.H.A. hearing that he was aware of our decision in *Mulgrew, supra,* and its application to a verdict of not guilty by reason of insanity. However, he felt it was inapplicable because it was decided before the Mental Health Procedure Act of July 9, 1976, which repealed the

Mental Health and Mental Retardation Act of 1966, which was applicable in *Mulgrew*. This conclusion was erroneous, and no doubt constitutes ineffective assistance.

■ On the facts of this case, counsel could have had *no* reasonable basis for failure to request a specific charge that not guilty by reason of insanity was a possible verdict, or to object when such charge was not given. Appellant's sole defense was one of insanity. His actions in killing the victim were undisputed and he pled no justification other than his purported delusions. His entire defense consisted of psychiatric testimony. At no time did the defense argue that Appellant did not commit the crime. Quite to the contrary, it was all but admitted that Appellant had done the shooting (N.T. 9, 12, 14, closing arguments).

It is clear from the evidence that trial counsel could not reasonably have considered a separate "not guilty" verdict as one of the alternatives available to the jury. Trial counsel did not present any factual basis nor argument to the jury that Appellant was, or could be, "not guilty" in the sense that he did not shoot Mr. Marzka. Hence, a "not guilty" verdict was possible only if the jury accepted the defense of insanity. While it is true that the jury was instructed on the concept of insanity, they were not instructed that "not guilty by reason of insanity" was a possible verdict. We conclude that this omission worked to the prejudice of Appellant. In *Mulgrew, supra,* we held that when insanity is raised as a possible defense, the jury must be instructed concerning the possible psychiatric treatment and commitment of the defendant after return of a verdict of not guilty by reason of insanity. In so holding, we adopted the reasoning of the Circuit Court of Appeals for the District of Columbia in *Lyles v. United States*, 103 U.S.App.D.C. 22, 25, 254 F.2d 725, 728 (1957), *cert. denied,* 356 U.S. 961, 78 S.Ct. 997, 2 L.Ed.2d 1067 (1958), *cert. denied,* 362 U.S. 943, 80 S.Ct. 809, 4 L.Ed.2d 771 (1960), *cert. denied,* 368 U.S. 992, 82 S.Ct. 610, 7 L.Ed.2d 529 (1962), in stating why the jury should be made aware of the meaning of a not guilty by reason of insanity verdict. The

*Lyles* court said that while the jury knows the meaning of a guilty and not guilty verdict, they do not know what a verdict of not guilty by reason of insanity means.

> The issue of insanity having been fairly raised, the jury may return one of three verdicts, guilty, not guilty, or not guilty by reason of insanity.... It is common knowledge that a verdict of not guilty means that the prisoner goes free and that a verdict of guilty means that he is subject to such punishment as the court may impose. But a verdict of not guilty by reason of insanity has no such commonly understood meaning.... It means neither freedom nor punishment. It means the accused will be confined in a hospital for the mentally ill until the superintendent of such hospital certifies, and the court is satisfied, that such person has recovered his sanity and will not in the reasonable future be dangerous to himself or others. We think the jury has a right to know the meaning of this possible verdict as accurately as it knows by common knowledge the meaning of the other two possible verdicts.

*Lyles* at 25, 254 F.2d at 728.

In the instant case, not only was the meaning of a not guilty by reason of insanity verdict not explained to the jury, they were not even advised that it was a possible verdict. Based on the instruction that was given, we cannot assume that they understood that if they believed the insanity defense, they could find the Appellant not guilty by reason of insanity, when they were told that there were only five possible verdicts that they could reach. Nor can we speculate as to what the verdict would have been had they been properly instructed. The testimony of the defense psychiatrist was as follows:

> I felt that at the time he was suffering from acute schizophrenia reaction and as a result of this was not aware of what he was doing and did not know the nature and quality of his acts at the time and also that in my opinion there was no way he could form premeditation to commit a crime. (N.T. 13–14, 5/25/79).

... I feel he was not capable of premeditation of murder....

I don't feel he was capable of understanding the nature and quality of his act. (N.T. 25, 5/25/79).

We cannot find this testimony incredible as a matter of law. The Commonwealth did not present any psychiatric testimony. Thus, we find that Appellant has met his burden of proving that trial counsel's ineffectiveness prejudiced his case. We reverse the judgment of sentence and remand the case for a new trial. Because of our disposition on the above issue, we need not consider the other allegations of error raised by Appellant.

Reversed and remanded for a new trial.

LARSEN, J., files a dissenting opinion joined by McDERMOTT and HUTCHINSON, JJ.

HUTCHINSON, J., files a dissenting opinion joined McDERMOTT, J.

LARSEN, Justice, dissenting.

I dissent. Appellant, Irvin Gass, has not met his burden under the Post Conviction Hearing Act (PCHA) of demonstrating that his trial counsel was constitutionally ineffective for failing to request a specific instruction that appellant could be found not guilty by reason of insanity, or for failing to request an instruction under *Commonwealth v. Mulgrew*, 475 Pa. 271, 380 A.2d 349 (1977) explaining to the jury the consequences of such a verdict, i.e. the possibility that involuntary commitment proceedings would be initiated against a defendant found not guilty by reason of insanity.

In the instant proceedings under the PCHA, appellant had the burden of proving his eligibility for relief, specifically that the representation afforded him by trial counsel was constitutionally inadequate. 42 Pa.C.S.A. §§ 9543(3)(vi) and 9549; *Commonwealth v. Shore*, 487 Pa. 534, 410 A.2d 740 (1980). Our standards for gauging the effectiveness of counsel's representation have evolved essentially into a three-pronged test: the threshold inquiry is whether the

strategy or tactic which counsel has foregone and which forms the basis of the assertion of ineffectiveness was of arguable merit, for counsel cannot be found ineffective for failing to raise a baseless or frivolous claim; if the claim would have had arguable merit, we then determine whether counsel's chosen tactic or omission had some reasonable basis designed to effectuate his client's interests; and, if counsel had no reasonable basis in failing to pursue a claim of arguable merit, we must determine whether counsel's tactic or omission prejudiced his client. *See, e.g., Commonwealth v. Griffin,* 511 Pa. 553, 567–70, 515 A.2d 865, 872–73 (1986), and cases cited therein. *Accord Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (federal standards for reviewing claims of ineffective assistance of counsel). Viewed in this light, counsel's failure to request a specific instruction that appellant could be found not guilty by reason of insanity and his failure to request a *Mulgrew* instruction did not deprive appellant of his right to effective assistance of counsel.

Obviously, appellant was entitled to a request that the jury be instructed that it could return a verdict of not guilty by reason of insanity; this claim, therefore, had arguable merit. It is also difficult to imagine any reasonable basis for counsel's failure to request such instruction; however, it is equally difficult to fathom how such an omission in the jury instructions could have harmed appellant under the circumstances.

The adequacy of the jury instructions must be examined in the context of the entire charge to the jury, as Justice Hutchinson points out in his dissent. *Commonwealth v. Whiting,* 501 Pa. 465, 469, 462 A.2d 218 (1983). The court did, in this case, instruct the jury as to the legal definition of insanity (the *M'Naghten* rule),[1] and specifically that *"you cannot find the Defendant guilty unless* you are satisfied beyond a reasonable doubt that at the time of the killing

---

**1.** *See Commonwealth v. Banks,* 513 Pa. 318, 521 A.2d 1 (1987) *and* 18 Pa.C.S.A. § 315, Insanity.

either the Defendant had no mental disease or defect or if he did have such a mental disease or defect, that he was not as a result of that defect incapable of knowing what he was doing or judging that it was wrong to do what he did." Court's Charge to Jury. N.T. at 56–57. I am in complete agreement with Justice Hutchinson that these general instructions on the insanity defense (and the court's additional instructions regarding that defense, rendered upon request by the jury, N.T. at 75–77) made it quite clear that it was to acquit appellant if it found that the Commonwealth failed to establish his sanity at the time of the killing. A specific instruction that the jury could find appellant "not guilty by reason of insanity" might have put the jury instruction in a somewhat more accurate *form,* but it would not have added any *substance* to the instructions actually given.

As to the failure to request a *"Mulgrew* instruction," i.e. a clarifying instruction to the jury as to "the possible psychiatric treatment and commitment of the defendant after the return of a verdict of not guilty by reason of insanity," 475 Pa. at 278, 380 A.2d at 352, there is also no question that such a request would have had arguable merit. However, as we stated in *Commonwealth v. McCann,* 503 Pa. 190, 195, 469 A.2d 126 (1983), *"Mulgrew* was not intended to announce a per se rule requiring in all cases, regardless of whether or not requested, an instruction on the consequences of not guilty by reason of insanity verdict." Rather, the decision whether to request such an instruction is a matter within the realm of trial strategy. *Id.,* 503 Pa. at 197, 469 A.2d at 127. Moreover, *McCann* makes it clear that the failure to request such an instruction may indeed have a reasonable basis.

In *McCann,* as in this case, the involuntary commitment of the appellant was governed by the Mental Health Procedures Act of 1976, Act of July 9, 1976, P.L. 817, No. 143, 50 P.S. §§ 7101–7503. Under that Act, a defendant acquitted by reason of insanity may be made subject to involuntary

commitment on petition of the district attorney (or other interested parties or agencies); however, commitment of such a person is limited to one year unless subsequent commitment proceedings are held. 50 P.S. § 7304(g)(2)(i) and (g)(4). Accordingly, a request for a *Mulgrew* instruction "would have presented the prosecutor [an opportunity] to argue to the jury that the procedures provided in the Mental Health Procedures Act would permit the defendant to be released within a relatively short period of time." *Commonwealth v. McCann, supra,* 503 Pa. at 197–98, 469 A.2d at 127. It does not appear, therefore, that the tactic foregone (the failure to request a *Mulgrew* instruction) had a substantially greater potential for success than the strategy actually chosen.

For the foregoing reasons, I would affirm the decision of the Superior Court affirming the trial court's determination that counsel was not ineffective in failing to request a specific instruction that appellant could be found not guilty by reason of insanity or in failing to request a *Mulgrew* instruction.

McDERMOTT and HUTCHINSON, JJ., join in this dissenting opinion.

HUTCHINSON, Justice, dissenting.

I dissent. In this Post Conviction Hearing Act (PCHA) proceeding, the majority cites trial counsel's failure to request a specific instruction that the jury could find appellant not guilty by reason of insanity was ineffectiveness and required a new trial. I believe PCHA petitioners seeking relief via ineffectiveness should be required to show prejudice, in the sense that the outcome of the trial would likely have been different if the course foregone had been taken. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). On this record, petitioner has not done so.

Pennsylvania law on the burden of proving insanity is in confusion. Prior to *Commonwealth v. Vogel*, 440 Pa. 1, 268 A.2d 89 (1970), sanity was presumed and the burden of proving insanity was upon the defendant asserting it. The defendant was required to prove the alleged defective mental condition by a preponderance of the evidence. *See, e.g., Commonwealth v. Carluccetti*, 369 Pa. 190, 85 A.2d 391 (1952). In *Vogel*, Mr. Justice Roberts first articulated the principle that, as an element of *mens rea*, the burden of proving sanity rests with the Commonwealth. *Commonwealth v. Vogel, supra* (Roberts, J., opinion in support of *per curiam* order). This theory was later endorsed as the law of this Commonwealth. *Commonwealth v. Demmitt*, 456 Pa. 475, 321 A.2d 627 (1974) (once defendant offers evidence of insanity, Commonwealth must prove sanity beyond reasonable doubt). *See also Commonwealth v. Tempest*, 496 Pa. 436, 437 A.2d 952 (1981). I believe these cases confuse *mens rea* with the insanity defense. While a defendant may not be forced to disprove an element of a crime, "the existence or nonexistence of legal insanity bears no necessary relationship to the existence or nonexistence of the required mental elements of the crime." *United States v. Amos*, 803 F.2d 419, 421 (8th Cir.1986) *quoting Mullaney v. Wilbur*, 421 U.S. 684, 706, 95 S.Ct. 1881, 1893, 44 L.Ed.2d 508 (1975) (Rehnquist, J., concurring). Our statutory law requires the defendant claiming insanity to shoulder the burden of proof. 18 Pa.C.S. § 315. It is in conflict with *Vogel* and *Demmitt*. Unless *Vogel* and *Demmitt* are constitutionally required, a conclusion apparently not necessary under federal precedent, the statute effectively overrules *Vogel* and *Demmitt* and should control.[1]

---

**1.** In *Amos, supra,* the Eighth Circuit upheld the constitutionality of the Federal Insanity Defense Reform Act, 18 U.S.C. § 20 (Supp.1986). The Act requires a criminal defendant to prove his insanity by clear and convincing evidence. I believe that 18 Pa.C.S. § 315, requiring a defendant to prove his insanity by a preponderance of the evidence, will similarly pass constitutional muster. *See Leland v. Oregon,* 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952) (Oregon statute requiring criminal defendant to prove his insanity beyond a reasonable doubt not violative of due process).

In the instant case, the trial judge instructed the jury that the Commonwealth had the burden of proving appellant's sanity beyond a reasonable doubt. N.T., May 29, 1979 at 55. By not having to prove his own insanity as required by present law, appellant could only have benefited from the judge's instruction burdening the Commonwealth. Indeed, a specific instruction on a verdict of not guilty by reason of insanity would seem to imply an affirmative defense, as set out in the statute.

Moreover, I believe that the majority has unwittingly turned *Commonwealth v. Mulgrew*, 475 Pa. 271, 380 A.2d 349 (1977), into a *per se* rule. As we noted in *Commonwealth v. McCann*, 503 Pa. 190, 469 A.2d 126 (1983), *Mulgrew* was not intended to announce a *per se* rule requiring an instruction on the consequences of not guilty by reason of insanity verdict in all cases whether or not requested. *Id.*, 503 Pa. at 195, 469 A.2d at 129. In the instant case, the judge's charge to the jury included a general instruction on the law of insanity. N.T. at 55–57. Moreover, upon request of the jury, the trial judge redefined the legal definition of insanity. *Id.* at 75–77. I believe the jury was adequately apprised of the law of insanity. An instruction to the jury must not be examined in artificial isolation but must be judged in the context of the overall charge. *Cupp v. Naughten*, 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973); *Commonwealth v. Ohle*, 503 Pa. 566, 470 A.2d 61 (1983). As appellant has not pointed to any prejudice stemming from the use of a general instruction as opposed to a specific instruction mentioning a possible verdict of not guilty by reason of insanity, he is not entitled to relief.

McDERMOTT, J., joins in this dissenting opinion.