546 A.2d 105
**COMMONWEALTH of Pennsylvania**
v.
**Robert S. JACKSON, Appellant.**
Superior Court of Pennsylvania.
Submitted May 16, 1988.
Filed Aug. 8, 1988.

Gerard W. Egan, Slippery Rock, for appellant.

Robert F. Hawk, Assistant District Attorney, Butler, for Com., appellee.

Before OLSZEWSKI, WATKINS and CERCONE, JJ.

OLSZEWSKI, Judge:

This is an appeal from the denial of appellant's Post Conviction Hearing Act (PCHA) petition. Appellant asserts that the PCHA court erred in dismissing the petition because trial counsel was ineffective for failing to: (1) ensure that appellant knowingly and intelligently entered his plea of *nolo contendere;* and (2) file a motion to modify or vacate sentence based upon the imposition of restitution in violation of the plea agreement and without a hearing regarding appellant's ability to pay. For reasons discussed below, we affirm in part and reverse and remand in part.

On April 9, 1984, appellant was arrested and charged with twenty counts of burglary. At his July 2, 1984, arraignment, pursuant to a plea agreement, appellant pleaded *nolo contendere* to the twenty counts of burglary in exchange for an eleven-to-twenty-two-year sentence to run concurrent with an unrelated sentence. Appellant also executed a form entitled "Waiver of Further Proceedings Upon Arraignment, With Petition to Enter Plea of Nolo Contendere." The trial court accepted appellant's plea, conducted a plea colloquy, and subsequently sentenced appellant to

eleven to twenty-two years and to pay restitution in the amount of twenty-one thousand seven hundred seventy-one dollars.

On November 8, 1984, appellant filed an application for discharge from payment of restitution, which the trial court denied. On November 13, appellant filed a *pro se* request for reconsideration of his sentence, which was also dismissed by the trial court as untimely. Appellant sought permission to file an appeal *nunc pro tunc* for reconsideration of his sentence on February 14, 1985. The trial court denied this motion on February 19, 1985.

On May 31, 1985, appellant filed a PCHA petition. An amended petition was filed by appointed counsel on July 8, 1985. Following an evidentiary hearing, the trial court denied appellant's petition on November 4, 1987. This appeal followed.

■ When evaluating ineffective assistance of counsel claims, our Court follows a three-pronged analysis. First, we must determine if the underlying claim has arguable merit. *Commonwealth v. Gass*, 514 Pa. 287, 289, 523 A.2d 741, 742 (1987). If the claim is of arguable merit, we must evaluate the reasonableness of counsel's action or inaction. *Id.* Finally, a finding of ineffectiveness requires a showing that the course of action pursued by counsel was prejudicial to appellant. *Commonwealth v. Griffin*, 511 Pa. 553, 515 A.2d 865, 871–72 (1986), quoting *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 605 n. 8, 235 A.2d 349, 353 n. 8 (1967).

■ With these standards to guide us, we evaluate appellant's claim that trial counsel was ineffective for failing to ensure that appellant's plea of *nolo contendere* was voluntary and intelligent. We have declared that a plea of *nolo contendere* is treated the same as a guilty plea in terms of its effect upon a particular case. *Commonwealth v. Thomas*, 351 Pa.Super. 423, 506 A.2d 420 (1986), citing *Commonwealth v. Hayes*, 245 Pa.Super. 521, 369 A.2d 750 (1976); *Commonwealth v. Warner*, 228 Pa.Super. 31, 324 A.2d 362 (1974). Therefore, in reviewing the validity of appellant's plea, we are guided by the following principles:

What plea to enter must be a decision by the accused which is voluntarily and intelligently made. *Commonwealth v. Forbes*, [450 Pa. 185, 299 A.2d 268 (1973)]. Pa.R.Crim.P. 319 outlines a procedure to be followed that will assure the guilty plea is voluntarily tendered. No more than the inquiries outlined in Pa.R.Crim.P. 319 is required. *Commonwealth v. Anthony*, [504] Pa. [551], 475 A.2d 1303 (1984).

*Commonwealth v. Kay*, 330 Pa.Super. 89, 93, 478 A.2d 1366, 1369 (1984).

Pa.R.Crim.P. 319 provides in pertinent part:

(a) Generally. Pleas shall be taken in open court. A defendant may plead not guilty, guilty, or with the consent of the court, *nolo contendere*. The judge may refuse to accept a plea of guilty, and shall not accept it unless he determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered. Such inquiry shall appear on the record. If the defendant shall refuse to plead, the court shall enter a plea of not guilty on the defendant's behalf.

(b) Plea Agreements.

... (2) When counsel for both sides have arrived at a plea agreement they shall state on the record in open court, in the presence of the defendant, the terms of the agreement. Thereupon the judge shall conduct an inquiry of the defendant on the record to determine whether he understands and concurs in the agreement.

(3) If the judge is satisfied that the plea is understandingly and voluntarily tendered, he may accept the plea....

Pa.R.Crim.P. 319 (a) and (b).

■ Instantly, our review of the record and the plea proceeding in particular reveal that the trial court quite satisfactorily ascertained that appellant's plea was knowing, intelligent, and voluntary. Following an extensive colloquy conducted by the Commonwealth, the trial court asked appellant the several questions, including the following:

The Court: Do you understand the form that you have signed here today and executed?

Mr. Jackson: Yes, sir.

The Court: Do you understand these rights that your attorney has informed you of?

Mr. Jackson: Yes, sir.

The Court: And you're asking the Court to accept your plea of nolo contendere?

Mr. Jackson: Yes, sir.

The Court: You have discussed this case fully with your attorney?

Mr. Jackson: Yes, sir.

The Court: Discussed the consequences of your guilty plea?

Mr. Jackson: Yes, sir.

The Court: And you are satisfied with his representation thus far?

Mr. Jackson: Yes, sir.

Plea transcript at 10–11.

We find, therefore, that appellant has not surmounted the threshold arguable-merit hurdle as it relates to his first ineffectiveness claim.

■ Next, appellant asserts that "the lower court erred in dismissing the appellant's post-conviction petition for vacation or modification of sentence claiming ineffective assistance of counsel in that the sentence of restitution was not imposed pursuant to the terms of the negotiated plea agreement, and in that proper foundation for the imposition of the sentence of restitution does not appear of record." Appellant's brief at 20. In addressing appellant's contention that restitution was imposed in violation of the plea agreement, we note, preliminarily, that the Commonwealth has an affirmative duty to honor all promises that serve as an inducement to a defendant to plead guilty. *Commonwealth v. Coles*, 365 Pa.Super. 562, 566, 530 A.2d 453, 455 (1987), quoting *Commonwealth v. Potosnak*, 289 Pa.Super. 115, 121, 432 A.2d 1078, 1081 (1981).

■ Instantly, the record reflects that restitution or lack thereof was not part of the plea agreement. Rather, the inducement for appellant's plea was as to sentence only:

[Commonwealth]: And the real impetus of this plea agreement today is the fact that these Butler County sentences would be concurrent with Westmoreland County, is that correct?

Mr. Jackson: Yes, sir.

\*　　\*　　\*　　\*　　\*　　\*

[Commonwealth]: And the impetus for entering into this plea agreement is that, the concurrent nature of the sentence, is that right?

Mr. Jackson: Yes, sir.

Plea transcript at 4, 8. Therefore, because the plea agreement did not contemplate restitution, we find that trial counsel was not ineffective for failing to object to its imposition as violating the plea agreement. *See generally Commonwealth v. Kioske,* 337 Pa.Super. 593, 487 A.2d 420 (1985).

■ Regarding the necessary foundation for the imposition of restitution, it is well settled that:

[T]here are four factors to be considered by the sentencing court: (1) the amount of loss suffered by the victim; (2) the fact that defendant's action caused the injury; (3) the amount awarded does not exceed defendant's ability to pay; (4) the type of payment that will best serve the needs of the victim and the capabilities of the defendant.

*Kioske, supra,* 337 Pa.Superior Ct. at 601, 487 A.2d at 424, quoting *Commonwealth v. Valent,* 317 Pa.Super. 145, 146, 463 A.2d 1127, 1128 (1983). In the present case, the sentencing court simply stated to whom restitution was owed and the individual amounts thereof. The court failed to make any specific findings as to timing of appellant's ability to make restitution or as to the type of payment scheme envisioned. Appellant's claim of ineffectiveness, therefore, has arguable merit.

In addition, we find that there was no reasonable basis for trial counsel's failure to request or object to the absence

of a restitution hearing. Moreover, at the evidentiary hearing, trial counsel stated:

[Counsel for appellant]: Okay. Do you have any recollection having reviewed [the sentencing transcript] of any consideration shown on the record as to the Defendant's ability to pay restitution?

[Trial counsel]: Do you mean did the Court mention his income that day or anything like that?

[Counsel for appellant]: Yes, anything at all.

[Trial counsel]: No, I don't believe they did.

\* \* \* \* \* \*

[Counsel for appellant]: Was there any presentence investigation done in terms of Mr. Jackson's financial condition?

[Trial counsel]: I quite honestly don't recall whether one was done or one wasn't done. My inclination was that one wasn't done, but I can't sit here today and say I recall seeing it.

PCHA hearing at 16, 20.

Finally, we conclude that this omission worked to the prejudice of appellant. For, if counsel had requested a restitution hearing, the sentencing court may have determined that appellant lacked the present ability to pay and may have postponed the determination of the method of payment until appellant acquired the ability to pay. *See Commonwealth v. Mourar,* 349 Pa.Super. 583, 504 A.2d 197 (1986). Because appellant has satisfied the test delineated *supra,* we find that trial counsel was ineffective for failing to request a restitution hearing to determine the timing and manner of payment.

We, therefore, reverse and remand that part of the lower court's judgment of sentence imposing restitution without regard for the timing of payment and direct that the lower court conduct a hearing on the timing and manner of appellant's payment of restitution, consistent with the following mandate:

Where there is evidence of present ability to pay restitution, in full or in part, the court should order a method of

payment at the time of [the hearing] which will best serve the needs of the victim[s] and the ability of the defendant; but where there is evidence from which it may be determined that the defendant will have only a future ability to pay, the court can postpone the determination of the method of payment until some designated time in the future.

*Mourar, supra,* 349 Pa.Superior Ct. at 604, 504 A.2d at 208. If it becomes evident at the restitution hearing that appellant has no assets that indicate a present ability to pay, the sentencing court may postpone the determination of appellant's payment scheme for a time commensurate with appellant's release on parole and as a condition of his parole.

In sum, we reverse and remand the portion of the PCHA court's imposing restitution without a hearing to determine the timing and manner of payment. We affirm all other aspects of the PCHA court's order, including the amount of restitution owed by appellant.[1]

The order of the PCHA court is affirmed in part and reversed and remanded in part. Jurisdiction relinquished.

---

1. We affirm the amount of restitution based upon satisfactory evidence of record substantiating the amount of loss suffered by each victim as a result of appellant's criminal behavior. Because this matter was resolved by the sentencing court, it need not be considered on remand. *See Kioske, supra.*