369 A.2d 826

**COMMONWEALTH of Pennsylvania**

**v.**

**Anthony SYLVANUS, Appellant.**

Superior Court of Pennsylvania.

Submitted April 2, 1976.

Decided Nov. 22, 1976.

94

Judith W. Savitz, Philadelphia, for appellant.

Steven H. Goldblatt, Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Appeal is taken to our Court from Judgment of Sentence [1] imposed on August 26, 1975, following revocation of probation hearing. Appellant on July 1, 1974, had been sentenced to three years' probation following non-jury trial finding of guilt as to criminal trespass, an offense held by the lower court to be a lesser included offense of burglary, one of the crimes charged.[2] Post-trial motions had been made and denied. We are concerned only with these procedural facts, as well as the silence of the record as to any appeal filed following denial of post-trial motions.

Appellant first raises a *Commonwealth v. Carter*, 236 Pa.Super. 376, 344 A.2d 899 (1975, allocatur granted), claim that criminal trespass is not a lesser included offense of the charge of burglary.[3] In this way appellant is attempting to attack the propriety of the conviction. However his right so to do, insofar as this issue is concerned, expired when the time to appeal the order of probation ran without his having appealed. Following a period some years ago when the state of the law was in a state of flux to a great degree, our Supreme Court spoke out quite definitively in *Commonwealth v. Elias*, 394 Pa. 639, 149 A.2d 53 (1959), when it held that a criminal defendant has the right to appeal from an order of probation. It is no longer to be countenanced that such an order, as well as an order suspending sentence, is considered to be interlocutory. Recently, in *Commonwealth v. Gilmore*, 465 Pa. 202, 348 A.2d 425 (1975), the *Elias, supra*, holding was reaffirmed, our Supreme Court

1. Not less than three nor more than ten years' imprisonment, with credit for time served, consecutive to any other sentence.

2. The other two crimes charged were theft by unlawful taking and theft by receiving stolen goods, to both of which charges adjudications of not guilty were made.

3. As his second argument, similar in theory to his first claim, appellant makes the specious argument that the court lacked subject matter jurisdiction; this is patently without merit.

pointing out that "the knowing failure to appeal from the order of probation constitutes a waiver of the right to challenge the validity of the conviction upon which the probation order is based". 348 A.2d at 427. The review in an appeal from judgment of sentence which has been imposed following revocation of probation "is limited to the validity of the revocation proceedings and the legality of the final judgment of sentence". 348 A.2d at 427. Thus appellant here if he expected to challenge the propriety of his prior conviction was obliged to raise such a challenge in a timely appeal from the conviction and probation imposed upon him, but this he never did. Appellant does not raise an unknowing or unintelligent waiver of his right to appeal. In many cases of recent vintage the appellate courts of the Commonwealth have enunciated the strong need to present to the trial courts for correction allegations of error. As *Gilmore, supra,* points out, this is the position of reason in cases such as the present one because, if an appeal is not taken following imposition of probation, then "errors in the trial proceedings would go unreviewed [by that court] and 'become moot' ". 348 A.2d at 427. Appellant's claim that his conviction for a lesser included offense was improper is waived.

■ At the probation revocation hearing,[4] the following transpired:

THE COURT: Mr. Sylvanus, your probation is hereby revoked. I hereby impose sentence on the burglary charge of three to ten years, and on the criminal trespass, one to five years, both sentences are to be consecutive to each other and to be consecutive to any other sentence that you are presently serving.

THE CLERK: Excuse me, Your Honor.

(Discussion held off the record.)

4. A "Gagnon II" hearing. A "Gagnon I" hearing being his June 24, 1975, conviction and sentence before Judge Richette. *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) and *Commonwealth v. Davis,* 234 Pa.Super. 31, 336 A.2d 616 (1975).

THE COURT: My attention has been directed to the fact that on the burglary charge you were found not guilty. Therefore, I cannot sentence you on the criminal trespass charge. Therefore I will withdraw that sentence which I rendered and substitute another.

The only charge that you are here for in violation is the criminal trespass, and my records had indicated a guilty, but evidently my records are in error. The official court records indicate that you were not guilty on the burglary charge. Do you understand that? And you're only here on criminal trespass charge.

.    .    .    .    .    .    .    .

THE COURT:

Based on what has been brought to my attention, there is no sentencing on the burglary charge. That was originally not guilty. The only thing I can sentence you on is the criminal trespassing. Probation has been revoked on that, and the sentence there is three to ten years to be served consecutively, consecutively with any other sentence that you may be serving.

Appellant now claims that the lower court sentenced him first to one to five years' imprisonment on the criminal trespass conviction, then to the greater sentence of three to ten years for the crime. The above colloquy will show that appellant is making an argument by taking an occurrence out of its total context. The trial judge had been misinformed as to appellant's conviction. When he was immediately made aware of the correct state of the record, he pronounced his sentence for the one offense of criminal trespass. In light of the misinformation, the immediate correction, and the proper sentencing, the sentencing procedure is not an occasion wherein appellant was sentenced to a greater term than that to which he had first been sentenced. The judge made it quite clear that he intended to impose a sentence of at least not less than 3 nor more than 10 years and appellant could not

have failed to understand this. The sentence actually imposed was 3 to 10 years. The appellant was not placed in double jeopardy.

Affirmed.

SPAETH, J., concurs in the result.