492 A.2d 1158

**COMMONWEALTH of Pennsylvania**

v.

**Dennis B. PERRY, Appellant.**

Superior Court of Pennsylvania.

Submitted March 4, 1985.

Filed May 17, 1985.

Thomas G. Klingensmith, Assistant Public Defender, Elizabethtown, for appellant.

Cheryl A. Ondechek, Assistant District Attorney, Lancaster, for Commonwealth, appellee.

Before ROWLEY, WATKINS and GEISZ,* JJ.

WATKINS, Judge:

Appellant, Dennis B. Perry, was adjudged to be in violation of probation, and was sentenced to a term of imprisonment of not less than nine (9) months nor more than twenty-three (23) months in the Lancaster County Prison. He was ordered to pay the original fine and to pay costs. This sentence was to run consecutively to any sentence appellant was serving.

On appeal, appellant contends that the term of the sentence is excessive because the sentencing court failed to take into consideration the drug and alcohol problem of the appellant.

The Sentencing Code, 42 Pa.C.S.A. 9701, et seq., sets forth guidelines and principles to be followed in sentencing decisions. Section 9771 is concerned with the modification or revocation of orders of probation. The power to revoke an order of probation is provided for in Section 9771(b).

■ The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time

* The Honorable John A. Geisz, Senior Judge, of the Court of Common Pleas of Philadelphia County, Pennsylvania is sitting by designation.

of initial sentencing, due consideration being given to the time spent serving the order of probation.

■ At the time that the judge imposes sentence following revocation of probation, he or she must articulate on the record the reasons for the particular sentence imposed and these reasons should reflect the judge's consideration of the criteria enumerated in the Sentencing Code, as well as the circumstances of the offense and the character of the offender. However, the judge is not required to list the criteria of the Sentencing Code and detail his or her response to each. *Commonwealth v. Aldinger*, 292 Pa.Superior Ct. 149, 436 A.2d 1196 (1981).

■ It is well-settled principle that imposition of a proper sentence is a matter committed to the sound discretion of the court and the court's determination will not be disturbed unless the sentence exceeds the statutory maximum or is so excessive as to constitute a manifest abuse of discretion. *Commonwealth v. Scarborough*, 313 Pa.Superior Ct. 521, 533, 460 A.2d 310, 316 (1983).

■ A limitation has been placed on the right to impose a sentence of total confinement upon the revocation of probation. Section 9771(c) of the Sentencing Code provides:

The Court shall not impose a sentence of total confinement upon revocation unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

Nowhere is it stated that a defendant's drug or alcohol problems mandate that he be given a lesser sentence for his crimes due to such a condition.

At the time of sentencing, the judge had considered the criminal actions of the appellant while on probation (seven

new offenses on three different occasions to which defendant pled guilty), along with his age, character, educational background, work history as well as the Sentencing Guidelines and the Sentencing Code. We can find no abuse of discretion by trial court in imposing this sentence.

Judgment of sentence affirmed.