643 A.2d 109

COMMONWEALTH of Pennsylvania

v.

Pamela ANDERSON, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 20, 1993.

Filed May 26, 1994.

Shelley Stark, Public Defender, Pittsburgh, for appellant.

Michael Streily, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before BECK, KELLY and JOHNSON, JJ.

KELLY, Judge:

In this appeal we must determine whether an enforced plea agreement to impose a sentence on a new conviction to run concurrently with a sentence previously imposed on a prior conviction is binding on the sentencing court when imposing sentence following probation revocation. We conclude that where a court accepts a guilty plea made pursuant to a negotiated plea bargain for a sentence concurrent with a prior sentence and imposes a concurrent sentence in compliance with the terms of the plea bargain, the court has enforced the plea bargain; upon resentencing, following probation revocation, the court remains bound to the plea bargain and must impose concurrent sentences. Accordingly, we vacate the September 10, 1992 order of the Allegheny County Court of Common Pleas entering judgment of sentence and remand for the imposition of concurrent sentences.

We set forth the relevant facts and procedural history of this case as follows. On December 10, 1987, appellant pled guilty to two counts of burglary.[1] After accepting the plea, the court sentenced appellant to eleven and one-half (11½) to twenty-three (23) months incarceration to be followed by a five-year probation period. Two months later, on February 12, 1988, appellant entered a negotiated guilty plea to one count of theft by unlawful taking or disposition [2] and one count

1. 18 Pa.C.S.A. § 3502.
2. 18 Pa.C.S.A. § 3921(a).

of receiving stolen property.[3] The court accepted appellant's guilty plea and sentenced her to five years probation. Pursuant to the terms of the negotiated plea bargain, this second sentence for the theft convictions was ordered to run concurrently with appellant's sentence for the burglary convictions.

Appellant subsequently violated probation by committing additional criminal offenses.[4] After a hearing on September 10, 1992, the trial court revoked appellant's probation. At resentencing, following probation revocation, the trial court sentenced appellant to two to five years incarceration on the burglary convictions and two to four years incarceration on the theft convictions. The trial court ordered these sentences to be served consecutively, for an aggregate four to nine year term of total confinement. This timely appeal followed.

On appeal, appellant raises one issue for our consideration:

I. WAS COUNSEL INEFFECTIVE FOR NOT OBJECTING TO THE COURT'S FAILURE TO COMPLY WITH A PLEA AGREEMENT AT ONE INFORMATION IN IMPOSING A TERM OF IMPRISONMENT TO RUN CONSECUTIVE TO A TERM OF IMPRISONMENT IMPOSED AT ANOTHER INFORMATION UPON THE REVOCATION OF PROBATION AT BOTH INFORMATIONS?

A. WAS THIS ISSUE WAIVED BY APPELLATE COUNSEL'S FAILURE TO RAISE IT IN THE CONCISE STATEMENT OF REASONS COMPLAINED OF ON APPEAL?

Appellant's Brief at 4.

The scope of review in an appeal from the judgment of sentence imposed following probation revocation "is limited to the validity of the revocation proceedings and the legality of the final judgment of sentence." *Commonwealth v. Gilmore*, 465 Pa. 202, 205, 348 A.2d 425, 427 (1975); *Commonwealth v.*

3. 18 Pa.C.S.A. § 3925.

4. *See Commonwealth v. Mallon*, 267 Pa.Super. 163, 406 A.2d 569 (1979) (one implied condition of any probation sentence is that the defendant must not commit another offense).

*Beasley*, 391 Pa.Super. 287, 570 A.2d 1336 (1990); *Commonwealth v. Czapla*, 287 Pa.Super. 335, 430 A.2d 313 (1981); *Commonwealth v. Sylvanus*, 246 Pa.Super. 93, 369 A.2d 826 (1976). A challenge to the validity of a sentence is a question as to the legality of the sentence, a non-waivable matter.[5] *Commonwealth v. Isabell*, 503 Pa. 2, 467 A.2d 1287 (1983); *Commonwealth v. Quinlan*, 433 Pa.Super. 111, 639 A.2d 1235 (1994); *Commonwealth v. Ford*, 315 Pa.Super. 281, 461 A.2d 1281, 1289 (1983). Appellate courts of this Commonwealth may consider *sua sponte* the issue of the legality of a sentence. *Commonwealth v. Murphy*, 405 Pa.Super. 452, 592 A.2d 750 (1991); *Commonwealth v. Blassingale*, 391 Pa.Super. 395, 571 A.2d 426 (1990), *appeal denied*, 526 Pa. 627, 584 A.2d 311 (1990).

In her substantive claim, appellant maintains that the trial court erred in sentencing her to consecutive sentences because the trial court was bound, by the plea bargain existing at the time of the original sentencing, to impose concurrent sentences following probation revocation. Once the court accepted appellant's guilty plea and the terms of the plea bargain, the court's sentencing alternatives at the original

5. An issue of whether a sentence is legal or valid can arise in numerous contexts, and is not limited to, for example, whether the trial court exceeded the allowable statutory maximum sentence. *Commonwealth v. Minott*, 395 Pa.Super. 552, 577 A.2d 928 (1990). *See, e.g., Commonwealth v. Wright*, 508 Pa. 25, 494 A.2d 354 (1985), *affirmed sub nom., McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986) (the Mandatory Minimum Sentencing Act, 42 Pa.C.S.A. § 9712 *et seq.*, operates to divest the judge of discretion to impose a sentence less than that prescribed by the appropriate provision; if a lesser sentence is imposed, the sentence is not a legal sentence); *Commonwealth v. Quinlan, supra* (sentence imposed or modified by a tribunal without jurisdiction is not a legal sentence); *Commonwealth v. Anderson*, 416 Pa.Super. 203, 610 A.2d 1042 (1992) (*en banc*) (a challenge to separate sentences imposed for crimes which should have merged for sentencing purposes is an issue of the legality of the sentence); *Commonwealth v. Hollawell*, 413 Pa.Super. 42, 604 A.2d 723 (1992) (failure of sentencing court to credit a defendant for time served, per Pa.R.Crim.P. 1406, raises a legality of the sentence issue); *Commonwealth v. Harrison*, 264 Pa.Super. 62, 398 A.2d 1057 (1979) (upon revocation of probation, the imposition of a sentence which exceeds the maximum sentence originally imposed raises an issue as to the legality of the second sentence).

sentencing hearing were circumscribed accordingly. Upon probation revocation, appellant posits, the trial court remained bound by the plea agreement to reimpose concurrent sentences. Because the court sentenced appellant to serve her sentences consecutively, the court abrogated the plea bargain which the court had accepted and enforced at the original sentencing proceeding. In so doing, appellant concludes, the court imposed an invalid sentence. We agree.[6]

Appellant's claim goes to the validity of her sentence. Therefore, her challenge has not been waived through counsel's inadvertence and is properly before us on direct appeal[7] from the judgment of sentence following probation revocation. *See Commonwealth v. Isabell, supra; Commonwealth v. Gilmore, supra.* Thus, we proceed directly to the substance of appellant's claim.

Plea bargaining is well recognized as a significant aspect in the fulfillment of the criminal justice system. *Commonwealth v. Coles,* 365 Pa.Super. 562, 530 A.2d 453 (1987), *appeal denied,* 522 Pa. 572, 559 A.2d 34 (1989); *Commonwealth v. McKee,* 226 Pa.Super. 196, 313 A.2d 287 (1973) (citations omitted). The disposition of criminal charges following plea discussions is mutually advantageous to the prosecution and the accused, particularly to a defendant who sees slim possibility of acquittal. *Mabry v. Johnson,* 467 U.S. 504, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984); *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). For example, in *Brady v. United States, supra,* the United States Supreme Court stated:

> For a defendant who sees slight possibility of acquittal, the advantages of pleading guilty and limiting the probable

6. Appellant presents her argument under the aegis of ineffective assistance of counsel. However, we review appellant's claim as a challenge to the legality of her sentence. Therefore, the ineffectiveness analysis does not apply in this case.

7. The standards set forth under the Post Conviction Relief Act, 42 Pa.C.S.A. § 9541 *et seq.* do not apply to the instant appeal, which is a direct appeal from appellant's judgment of sentence imposed following probation revocation.

penalty are obvious—his exposure is reduced, the correctional process can begin immediately, and the practical burdens of a trial are eliminated. For the State there are also advantages—the more promptly imposed punishment after an admission of guilty may more effectively attain the objectives of punishment; and with the avoidance of trial, scarce judicial and prosecutorial resources are conserved for those cases in which there is a substantial issue of the defendant's guilt or in which there is substantial doubt that the State can sustain its burden of proof.

*Id.* 397 U.S. at 752, 90 S.Ct. at 1471, 25 L.Ed.2d at 758. Thus, the value of the plea bargaining process cannot be discounted.

 In Pennsylvania, the plea process is governed by Pa. R.Crim.P. 319 which, in pertinent part, provides:

**(b) Plea Agreements.**

(1) The trial judge shall not participate in the plea negotiations preceding an agreement.

(2) When counsel for both sides have arrived at a plea agreement they shall state on the record in open court, in the presence of the defendant, the terms of the agreement. Thereupon the judge shall conduct an inquiry of the defendant on the record to determine whether he understands and concurs in the agreement.

(3) If the judge is satisfied that the plea is understandingly and voluntarily tendered, he may accept the plea. If thereafter the judge decides not to concur in the plea agreement, he shall permit the defendant to withdraw his plea.

Pa.R.Crim.P. 319(b). Thus, Pa.R.Crim.P. 319 allows that where the court cannot concur in the negotiated sentence, the court must permit the defendant to withdraw the plea. *Id.;* *Commonwealth v. Fazenbaker,* 248 Pa.Super. 433, 375 A.2d 175 (1977); *Commonwealth v. Barrett,* 223 Pa.Super. 163, 299 A.2d 30 (1972).

 As a general proposition, sentencing is a matter vested in the sound discretion of the trial court and will remain undisturbed on appeal, absent an abuse of that discretion. *Commonwealth v. Jones,* 418 Pa.Super. 93, 613 A.2d 587

(1992) *(en banc )*, *appeal denied,* 535 Pa. 615, 629 A.2d 1377 (1993). Upon acceptance of a plea agreement, however, the trial court is bound to comply with the terms of that agreement. *Commonwealth v. Kioske,* 337 Pa.Super. 593, 487 A.2d 420 (1985). A sentence recommendation is among the "terms" of a plea bargain. *Commonwealth v. Coles, supra,* 365 Pa.Super. at 565–66, 530 A.2d at 455 (citing *Commonwealth v. Sutherland,* 234 Pa.Super. 520, 340 A.2d 582 (1975)). Therefore, a negotiated sentence is binding on the court where the sentence is plainly set forth on the record, understood and agreed to by the parties and approved by the trial court. *Commonwealth v. McClendon,* 403 Pa.Super. 467, 589 A.2d 706 (1991) *(en banc )*, *appeal denied,* 528 Pa. 622, 597 A.2d 1151 (1991).

Instantly, at the time of the original sentencing, the trial court accepted appellant's guilty plea to the charges of theft and receiving stolen property. The court acknowledged on the record the existence of a negotiated plea bargain wherein appellant agreed to plead guilty in exchange for the imposition of a sentence concurrent with the prior sentence imposed on the burglary convictions. Accordingly, the trial court imposed a five-year probation period to run concurrently with the prior burglary sentence.

Nothing in the record indicates an inability on the part of the trial court to concur in the negotiated sentence. Nor did appellant petition to withdraw her plea; the trial court provided no opportunity to appellant to withdraw her plea. Instead, the trial court accepted the plea and complied with the terms of the plea agreement because it was bound to do so upon acceptance of the plea. *See Commonwealth v. Kioske, supra.* By accepting the plea agreement, which included a negotiated sentence, the trial court, in effect, circumscribed its sentencing alternatives, the parameters of which were described in the plea agreement. We conclude that the trial court's initial sentencing options were thereby limited to the imposition of the negotiated sentence, *i.e.,* concurrent sentences.

 The basic objective of a probation order is to provide an alternative means of rehabilitation without resort to incarceration. *Commonwealth v. Kates,* 452 Pa. 102, 305 A.2d 701 (1973). A trial court may revoke an order of probation *or* modify the original probationary period by lengthening it and by adding reasonable conditions. *Commonwealth v. Miller,* 358 Pa.Super. 219, 516 A.2d 1263 (1986), *appeal denied,* 515 Pa. 599, 528 A.2d 956 (1987); *Commonwealth v. McBride,* 289 Pa.Super. 396, 433 A.2d 509 (1981). Upon revocation of probation, the trial court possesses the same sentencing alternatives which were available at the time of the initial sentencing. 42 Pa.C.S.A. § 9771(b); *Commonwealth v. Pierce,* 497 Pa. 437, 441 A.2d 1218 (1982); *Commonwealth v. Miller, supra; Commonwealth v. Perry,* 342 Pa.Super. 355, 492 A.2d 1158 (1985). However, upon revocation of probation, 42 Pa. C.S.A. § 9771 imposes a statutory limitation on a sentence of total confinement as follows:

**(c) Limitation on sentence of total confinement.**—The court shall not impose a sentence of total confinement upon revocation unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c). Furthermore, any sentence imposed after probation revocation must not exceed the maximum sentence originally imposed. *Commonwealth v. Harrison,* 264 Pa.Super. 62, 398 A.2d 1057 (1979). Thus, in addition to the limitations of the original plea agreement, the trial court was limited as well by other considerations when it resentenced appellant following probation revocation.

In the present appeal, appellant does not oppose the sentence of total confinement. The record provides ample reason for the sentence of total confinement including appellant's admission to numerous criminal offenses in violation of her

probation. Although appellant entreated the trial court to impose a sentence, alternative to total confinement, the trial court's decision to incarcerate appellant is unassailable. Nevertheless, the court's consecutive sentencing scheme, imposed following probation revocation, is invalid for at least two reasons.

First, the trial court's sentencing alternatives at the time of initial sentencing were circumscribed by the plea agreement. *See Commonwealth v. Kioske, supra.* The imposition of consecutive sentences upon probation revocation was in direct abrogation of the plea agreement, and enlarged the sentencing options which had been available to the court at the time of the original sentencing.[8] Second, by imposing consecutive sentences following probation revocation, the trial court exceeded the maximum sentence originally imposed. *See Commonwealth v. Harrison, supra.* On resentencing, the trial court imposed an aggregate term of four to nine years incarceration, which exceeded the maximum limit of the original sentence.[9] To permit appellant's sentence to stand would be tantamount to allowing the trial court to modify its original sentence out of time. *See Commonwealth v. Quinlan, supra* (where the original sentence is not challenged as illegal, patently contradictory, or fraudulently procured, the rules requiring timely modification of the sentence control. *See* 42 Pa.C.S.A. § 5505; Pa.R.Crim.P. 1410; Pa.R.A.P. 1701).[10]

**8.** At the time of initial sentencing, once the trial court accepted the guilty plea and concurred in the terms of the plea bargain, the trial court no longer had the option to impose a sentence for the theft convictions consecutive to the prior sentence for the burglary convictions.

**9.** For appellant's burglary convictions, she received a sentence of eleven and one-half to twenty-three months of total confinement to be followed by a five year period of probation. For appellant's theft conviction, she received a five year probation period to run concurrent with the prior sentence. Hence, appellant's original sentence had an outside limit of seven years, less one month.

**10.** In *Commonwealth v. Bischof*, 420 Pa.Super. 115, 616 A.2d 6 (1992), the appellant argued that his sentence should be vacated because the trial court ordered him to serve *consecutive* periods of incarceration on the two sentences for which he was recommitted on account of parole violations, when these sentences were ordered originally to run concur-

We hold, therefore, that the trial court was without authority in this case to alter the sentencing scheme from concurrent to consecutive sentences when resentencing upon probation revocation. In so doing, the trial court imposed a sentence that directly abrogated the accepted and enforced plea agreement and exceeded the maximum limit of the original sentence. Accordingly, we vacate judgment of sentence and

rently pursuant to a negotiated plea agreement. This Court agreed with the appellant's contention in that case because altering concurrent sentences to consecutive sentences constituted a sentence enhancement having certain constitutional implications. *Id.* at 121, 616 A.2d at 10. The Court distinguished the *Bischof* case from those instances where the court revokes a probationary sentence and is authorized to modify the original probationary sentence by lessening or increasing the probationary term and/or adding reasonable conditions to the probation term.

The Commonwealth argues that the case at bar is analogous to those instances where probation orders have been modified. *See Commonwealth v. Miller, supra; Commonwealth v. McBride, supra.* Relying on *Commonwealth v. Bischof,* the Commonwealth posits that the trial court was free to increase appellant's sentence when she proved to be a poor probation risk because the orders of probation were conditional, not fixed sentences. To the extent that the trial court was free to revoke or to modify the orders of probation because these orders are conditional, we agree with the Commonwealth's analysis. However, in the present case, the court did not seek to modify the probation periods by lessening or extending the period and/or adding conditions. 42 Pa.C.S.A. §§ 9771, 9754. Here, the trial court revoked appellant's probation and imposed sentences of total confinement without deference to the plea agreement.

Appellant is not complaining that the trial court erred in revoking her probation and replacing the probation with a term of total confinement. Nor is she pressing, on appeal, for a sentence of modified probation. Appellant maintains that the essence of her plea bargain was concurrent, not consecutive sentences, whatever those sentences might be or become; and that her probation violations did not undo the entire plea agreement but only authorized the trial court to revoke probation and impose a term of total confinement. That the trial court initially sentenced appellant to a term of probation, rather than to a term of total confinement, to run concurrently with a prior sentence is not controlling. Thus, while the trial court acted within its authority in revoking appellant's probation and imposing a term of incarceration in lieu thereof, *see Commonwealth v. Pierce,* 497 Pa. 437, 441 A.2d 1218 (1982), nevertheless, we conclude, the trial court remained bound to impose concurrent sentences pursuant to the negotiated plea bargain. To permit otherwise is to permit a trial court to circumvent a negotiated sentence merely by imposing a sentence of probation. This we cannot allow, as such an action would render a negotiated plea agreement a meaningless gesture.

remand for resentencing in accordance with this opinion.[11]

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction is relinquished.

JOHNSON, J., filed a dissenting opinion.

JOHNSON, Judge, dissenting:

This case was presented to this Court on submission, without argument. As sometimes happens, the issues sought to be determined here would have benefitted from oral advocacy and the responses to questions arising from the particular facts of this case. I find that the issue of sentencing abuse has not been properly preserved and that post-conviction relief is not available on the facts surrounding this appeal. These are the only issues raised in the Brief for Appellant and contained in the Commonwealth's Brief for Appellee by way of response. I cannot join my colleagues in first raising, and then deciding, a claim of illegality when that claim was never presented nor even suggested by the appellant. Accordingly, I am constrained to dissent.

At the threshold, I conclude that the issue sought to be raised on this appeal was not preserved in the trial court and is, therefore, waived. Pa.R.A.P. 302(a), 42 Pa.C.S.; *Preiser v.*

---

11. "Where an appellate court determines that a sentence is illegal or otherwise improper, the proper remedy is to vacate the sentence and remand the matter to the trial court for sentencing in accordance with the ruling of the appellate court." *Commonwealth v. Ward,* 524 Pa. 48, 52, 568 A.2d 1242, 1244 (1990). *See also Commonwealth v. Goldhammer,* 512 Pa. 587, 517 A.2d 1280 (1986), *cert. denied,* 480 U.S. 950, 107 S.Ct. 1613, 94 L.Ed.2d 798 (1987) (quoting 42 Pa.C.S.A. § 706 (appellate court may affirm, modify, vacate, set aside or reverse any order ... and may remand the matter and direct the entry of such an appropriate order or require ... further proceedings ...)); *Commonwealth v. Bigelow,* 416 Pa.Super. 449, 611 A.2d 301 (1992) (appellate court may vacate judgment of sentence and remand to the trial court when disposition of case on appeal may alter sentencing scheme). *But see, Commonwealth v. Britton,* 334 Pa.Super. 203, 482 A.2d 1294 (1984) (*en banc*), *appeal dismissed,* 509 Pa. 620, 506 A.2d 895 (1986) (illegal sentence may be vacated and amended directly or remanded for resentencing); *Commonwealth v. Johnston,* 348 Pa.Super. 160, 501 A.2d 1119 (1985), *affirmed,* 515 Pa. 454, 530 A.2d 74 (1987) (Superior Court has the option to remand for resentencing or to amend a sentence directly where the sentence requires correction).

*Rosenzweig,* 418 Pa.Super. 341, 345, 614 A.2d 303, 305 (1992), *appeal granted,* 535 Pa. 637, 631 A.2d 1009 (1993) (table). The pleadings filed are instructive in understanding the different positions taken by members of this panel on this appeal.

The Motion to Reconsider Probation Violation Sentence, filed September 11, 1992, sets forth in pertinent part:

5. Defendant requests reconsideration based upon the following:

A. Defendant has already served 11½ to 23 months at CC87083[3]2.

B. The effect of Your Honor's sentence is, in effect, to give nearly the maximum sentence possible (when the time is accumulated with the time already served). This is far beyond the Guideline sentence for a first offense; the subsequent convictions should not factor into the Guideline as each subsequent sentence already "figured in" the prior convictions.

C. Defendant has already been incarcerated for 15 month[s] continuously since her last arrest.

D. Although defendant's behavior cannot be condoned, the sentence is very harsh considering she has already served sentences on the violating convictions.

E. Defendant's underlying drug addiction can better be addressed at the House of Crossroads or the Meadville Medical Center programs, both of which are willing to accept her.

The Concise Statement of Matters Complained of on Appeal, filed May 3, 1993, contains the following as the only matters sought to be raised on appeal:

6. The Appellant intends to raise the following issue[s] on appeal:

a. The Court erred in failing to state on the record sufficient reasons for the imposition of sentence after the revocation of probation; and counsel was ineffective for failing to raise this issue at the hearing or in the Motion to Reconsider Sentence.

b. The Court abused its discretion in imposing a manifestly excessive sentence which was based solely on the nature of the crimes committed while the defendant was on probation rather than on her rehabilitative needs and the circumstances of the offense for which she was originally sentenced.

In the Brief for Appellant, filed October 27, 1993, the Statement of the Questions Presented, appearing at page 4, sets forth in its entirety:

I. WAS COUNSEL INEFFECTIVE FOR NOT OBJECTING TO THE COURT'S FAILURE TO COMPLY WITH A PLEA AGREEMENT AT ONE INFORMATION IN IMPOSING A TERM OF IMPRISONMENT TO RUN CONSECUTIVE TO A TERM OF IMPRISONMENT IMPOSED AT ANOTHER INFORMATION UPON THE REVOCATION OF PROBATION AT BOTH INFORMATIONS?

A. WAS THIS ISSUE WAIVED BY APPELLATE COUNSEL'S FAILURE TO RAISE IT IN THE CONCISE STATEMENT OF REASONS COMPLAINED OF ON APPEAL?

Not addressed by the Court below.

On this appeal, Pamela Anderson, through the Office of the Public Defender, now ignores and abandons the *only* issues properly preserved through post-trial motions and her Statement of Matters Complained of on Appeal. Since she does not now advance contentions included within her trial court pleadings, those issues outside of the pleadings would normally be waived. Matters raised for the first time on appeal are not properly preserved for appellate review and will not be considered. Pa.R.A.P. 302(a), 42 Pa.C.S.; *Weir v. Weir,* 428 Pa.Super. 515, 524, 631 A.2d 650, 654 (1993); *Kryeski v. Schott Glass Technologies, Inc.,* 426 Pa.Super. 105, 114, 626 A.2d 595, 599 (1993). By claiming ineffectiveness, however, Anderson attempts to avoid waiver. She would have this Court review a sentencing issue which falls outside of the eligibility require-

ments of the Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq.*

Our legislature has stated in plain terms the basis upon which a sentence can be reviewed, post conviction, and otherwise unpreserved: review is limited to where the conviction resulted from "[t]he imposition of a sentence greater than the lawful maximum." 42 Pa.C.S. § 9543(a)(2)(vii). There is no suggestion by Anderson or by my esteemed colleague, Judge Kelly, that that intentionally narrow requirement has been met in the present case.

If we turn to the basis upon which an ineffectiveness claim may be brought, the legislature has been equally clear. To be eligible for relief, Anderson must be able to plead and prove, among other requirements, that her conviction resulted from "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii).

The claim advanced on this appeal, i.e., that counsel was ineffective for not objecting to the court's failure to comply with an earlier plea agreement, does not implicate the truth-determining process. Moreover, the sentence does not exceed the lawful maximum. Because the matter raised on appeal was not properly preserved through a motion to modify sentence, I conclude that the judgment of sentence must, without more, be affirmed. Accordingly, I dissent.

It is true that this Court, in *Commonwealth v. McMullen,* 365 Pa.Super. 556, 559 n. 1, 530 A.2d 450, 452 n. 1 (1987), stated in *dicta,* by use of a footnote, that a sentencing guidelines claim, when couched in terms of the ineffective assistance of counsel, raises an issue under the sixth amendment of the federal constitution, thereby escaping the need for compliance with *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987) and Pa.R.A.P. 2119(f). There is no discussion in that opinion, however, of the legislatively created separation between ineffectiveness claims, which require an undermining of

the truth-determining process, 42 Pa.C.S. § 9543(a)(2)(ii), and questions regarding the legality of the sentence, which require that the sentence under review be "greater than the lawful maximum" to merit review. *Id.* § 9543(a)(2)(vii).

I would reject what my most esteemed colleague is intent on ignoring, namely, the appellant's sole contention: that she can escape counsel's failure to preserve the sentencing issue, simply by wrapping the claim in ineffectiveness garb.

My colleague correctly observes that our scope of review in an appeal from judgment of sentence following probation revocation is limited to the validity of the revocation proceedings and the legality of the final judgment of sentence. *Commonwealth v. Gilmore,* 465 Pa. 202, 205, 348 A.2d 425, 427 (1975); *Commonwealth v. Beasley,* 391 Pa.Super. 287, 570 A.2d 1336 (1990). I also agree with Judge Kelly that appellate courts may consider, *sua sponte,* the issue of the legality of the sentence. What I find missing in my colleague's careful and otherwise persuasive analysis is any bridge between Anderson's claim that counsel was ineffective and any possible argument that the sentence imposed was illegal. I submit that this nexus does not exist and the contention must, accordingly, fail.

My colleague has utilized a footnote to excuse the fact that his analysis and disposition are totally unrelated to the issue presented by appellant. While conceding that Anderson has presented her argument under the mantle of ineffective assistance of counsel, the majority would review the claim as a challenge to the legality of the sentence! Majority Opinion at 314 n. 6. It bears repeating what issues were presented to the trial court in this case. After probation revocation sentencing, Anderson advanced the claim that the sentence was "very harsh." There was no suggestion of illegality. In submitting her Concise Statement of Matters Complained of on Appeal, Anderson asserted that she would raise only two issues: 1) failure to state on the record sufficient reasons for the sentence, and 2) the sentence was manifestly excessive.

Again, there was no suggestion that the sentence was, in any manner, illegal.

I give appellate defense counsel credit for seeking to fashion an argument for appeal in ineffectiveness garb, realizing that proper issues had not been preserved. Pa.R.A.P. 302(a), 42 Pa.C.S.; *Weir v. Weir, supra; Kryeski v. Schott Glass Technologies, Inc., supra.* A corollary to this waiver rule is that this Court should not, *sua sponte,* seek to raise and then decide issues not presented by the parties. *Compare Wiegand v. Wiegand,* 461 Pa. 482, 484, 337 A.2d 256, 257 (1975), *on remand,* 242 Pa.Super. 170, 363 A.2d 1215 (1976) (proper appellate function is exceeded when reviewing court seeks to decide issues not raised by the parties). To lay aside the ineffectiveness claim—the *only* issue raised by Appellant Anderson—and fashion an argument that the sentence was illegal—a position understandably not taken by experienced appellate defense counsel—violates all of the rules governing appellate review by this intermediate court. I cannot join in what I view to be a radical departure from our established procedures and rules.

I would return to the paperbacks which must govern this appeal. The claim, as articulated by Anderson, asks us to review a sentencing issue that neither was preserved by proper pleading in the trial court nor implicates the PCRA exception limited to sentences which exceed the maximum. I find the issue presented by Anderson to be waived and ineligible for review under the PCRA. Accordingly, I must respectfully dissent.