J-A02043-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEROYD P. CONYERS | : | |
| | : | |
| Appellant | : | No. 622 WDA 2020 |

Appeal from the PCRA Order Entered June 11, 2020
In the Court of Common Pleas of Butler County Criminal Division at
No(s): CP-10-CR-0000686-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEROYD P. CONYERS | : | |
| | : | |
| Appellant | : | No. 623 WDA 2020 |

Appeal from the PCRA Order Entered June 11, 2020
In the Court of Common Pleas of Butler County Criminal Division at
No(s): CP-10-CR-0000685-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEROYD P. CONYERS | : | |
| | : | |
| Appellant | : | No. 624 WDA 2020 |

Appeal from the PCRA Order Entered June 11, 2020
In the Court of Common Pleas of Butler County Criminal Division at
No(s): CP-10-CR-0000684-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  | : |  |
| :--- | :--- | :--- |
| v. | : |  |
|  | : |  |
|  | : |  |
| JEROYD P. CONYERS | : |  |
|  | : |  |
| Appellant | : | No. 626 WDA 2020 |

Appeal from the PCRA Order Entered June 11, 2020
In the Court of Common Pleas of Butler County Criminal Division at
No(s): CP-10-CR-0000683-2013

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
| JEROYD P. CONYERS | : |  |
|  | : |  |
| Appellant | : | No. 627 WDA 2020 |

Appeal from the PCRA Order Entered June 11, 2020
In the Court of Common Pleas of Butler County Criminal Division at
No(s): CP-10-CR-0001004-2013

BEFORE: BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED: MAY 13, 2021**

Jeroyd P. Conyers appeals from the order denying his petition filed under the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. Conyers argues his plea counsel was ineffective for advising him that he would be subject to unconstitutional mandatory minimum sentences, and that his PCRA counsel was ineffective for failing to raise the ineffectiveness of his plea counsel. Conyers further argues the trial court violated the terms of his plea agreement by imposing consecutive sentences upon resentencing. We affirm in part, vacate in part, and remand.

In 2013, Conyers pleaded guilty across the five above-referenced docket numbers to several drug violations and one firearms violation. Conyers entered open guilty pleas, with no agreements regarding his sentencing. *Commonwealth v. Conyers*, No. 388 WDA 2018, 2019 WL 1223355, unpublished memorandum at *3 n.5 (Pa.Super. 2019). The court sentenced Conyers to an aggregate term of 12 to 24 years' incarceration. Conyers did not file a direct appeal.

Conyers filed a first PCRA petition in 2014, which the court dismissed after PCRA counsel filed a motion to withdraw and no-merit letter. Conyers appealed *pro se* from the dismissal of his first PCRA petition, but we dismissed the appeal due to Conyers' failure to file a brief. *See Commonwealth v. Conyers*, No. 399 WDA 2015 (Pa.Super. filed July 6, 2015) (Order).

Conyers filed multiple serial *pro se* petitions between 2014 and 2015. The court re-appointed the same PCRA counsel, who filed a single amended petition in 2016, challenging the legality of Conyers' mandatory minimum sentences, pursuant to *Alleyne v. United States*, 133 S.Ct. 2151 (2013). *See Commonwealth v. Conyers*, No. 1165 WDA 216, 2017 WL 4676110, unpublished memorandum at *1 (Pa.Super. 2017). The PCRA court granted the amended petition, and resentenced Conyers in 2016 to 11½ to 24 years' incarceration. Conyers appealed that sentence *pro se*, and we remanded, twice – first for the court to conduct a *Grazier*[1] hearing, and then for the court

_____

[1] *See Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998), and Pa.R.Crim.P. 121 (relating to the waiver of the right to counsel).

to conform Conyers' sentence to **Alleyne** and rectify any other sentencing errors. **See Conyers**, 2017 WL 4676110, at *4.

Upon remand, the trial court sentenced Conyers a third time, in 2018, to an aggregate of 11¼ to 22½ years' incarceration. Conyers appealed *pro se*, and we affirmed his judgment of sentence. **See Conyers**, 2019 WL 1223355, at *1-2, *4. We found no merit to Conyers' claims that his 2018 sentences violated **Alleyne**, as the court had resentenced without the mandatory minimums. **Id.** at *3. We also rejected his argument that the court erred in changing certain sentences from concurrent to consecutive, as Conyers had entered an open plea. **Id.** at *3 n.5. The Pennsylvania Supreme Court denied Conyers' petition for allowance of appeal on October 7, 2019.

Conyers filed the instant PCRA petition on April 23, 2020. He alleged that his plea counsel was ineffective for failing to advise him he would receive an unconstitutional sentence. PCRA Petition, 4/23/20, at 7-8. Conyers also claimed the trial court violated the terms of an alleged plea agreement by imposing consecutive sentences at resentencing. **Id.** at 8; Memorandum of Law at 1-2. Conyers claimed that his petition was timely under the newly discovered facts exception, as he had discovered the law surrounding his issues while doing research in the prison law library. PCRA Pet. at 5, 6.

The PCRA court issued notice of intent to dismiss the petition without a hearing. **See** Pa.R.Crim.P. 907. The court found that "[t]he petition is a second or subsequent petition and the issues raised herein were heard and litigated at a prior hearing and on appeal." Rule 907 Notice, 5/8/20, at 1. The court

stated it would not be appointing counsel, as no evidentiary hearing was required. *Id.* Conyers responded to the notice, and the court denied the petition.

Conyers appealed, and raises the following issues:

[1.] Is [Conyers] entitled to have his open plea vacated inasafar as plea counsel, Leland C. Clark[,] was constitutionally ineffective for advising [Conyers] to plead to sentence[s] p[re]mised on the application of the mandatory minimums set forth under 18 Pa.C.S.A. § 7508, [t]hus making [Conyers'] plea unconstitutional and sentence illegal?

[2.] Is [Conyers] entitled to have his open plea vacated inasfar as PCRA counsel, Matthew J. Kalina[,] was ineffective for failing to raise the issue of plea counsel's ineffectiveness for advising [Conyers] to plead to an unconstitutional sentencing provision, which violated [Conyers'] due process rights?

[3.] Is [Conyers] entitled to be resentenced inasfar as the jurist had no authority to change the sentencing structure during the resentencing from[]an appeal, making [Conyers'] sentence illegal?

Conyers' Br. at 3. We review these issues to determine whether the PCRA court's dismissal of Conyers' petition "is supported by evidence of record and whether it is free of legal error." *Commonwealth v. Hart*, 199 A.3d 475, 481 (Pa.Super. 2018) (citation omitted).

Conyers first argues that his plea counsel was ineffective for advising him that he would be subject to mandatory minimum sentences after he pleaded guilty, as those sentences were unconstitutional pursuant to *Alleyne*, which was decided prior to Conyers' plea and sentencing. Conyers' Br. at 6. Conyers argues that "at the time he entered into his 'open' or 'straight' guilty

pleas, there were 'shared misapprehensions' regarding the legality of the sentence[s] that could be imposed," and that this "erroneous premise" skewed the parties plea negotiations. ***Id.*** at 6-7. Conyers cites ***Commonwealth v. Dimatteo***, 177 A.3d 182 (Pa. 2018), in support. Conyers' Br. at 6-7. Conyers further argues that his PCRA counsel was ineffective for failing to raise the ineffectiveness of Conyers' plea counsel. ***Id.*** at 8-9.

Finally, Conyers argues that the court ran his original 2013 sentences concurrently based on plea counsel's recommendation, thus making it part of the "terms" of his plea agreement. ***Id.*** at 10 (citing ***Commonwealth v. Anderson***, 643 A.2d 109 (Pa.Super. 1994)). He argues that the court violated this portion of his plea agreement when it resentenced him to consecutive sentences. ***Id.***

Insofar as Conyers argues his plea counsel was ineffective for failing to advise him in 2013 of the unconstitutionality of mandatory minimum sentences, or that his PCRA counsel was ineffective for failing to raise that issue, his petition is untimely. Timeliness is a threshold, jurisdictional issue. ***Commonwealth v. Anderson***, 234 A.3d 735, 737 (Pa.Super. 2020). A petition must be filed within one year of the finality of the judgment of sentence, unless one of the timeliness exceptions applies. ***See*** 42 Pa.C.S.A. § 9545(b). These claims relate back to Conyers' 2013 judgment of sentence, which became final that same year, when Conyers failed to file a direct appeal. ***See*** 42 Pa.C.S.A. § 9545(b)(3) (providing a judgment of sentence becomes final at the conclusion of direct review, or the expiration of time to seek

review). As Conyers did not file his petition advancing these claims within one year of that date, it is untimely unless he has successfully invoked one of the statutory exceptions.

Conyers' petition asserts timeliness under the newly discovered facts exception and claims he recently discovered the law surrounding his issue by doing research at the prison law library. *See* 42 Pa.C.S.A. § 9545(b)(2) (providing exception to the one-year time bar where "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence"). However, Conyers did not plead in his petition that he filed his petition within one year of this discovery, and, in any event, judicial decisions do not qualify as "facts" for purposes of this exception. *See* 42 Pa.C.S.A. § 9545(b)(2); ***Commonwealth v. Watts***, 23 A.3d 980, 986 (Pa. 2011).[2]

Furthermore, as Conyers has already challenged his 2013 judgment of sentence in multiple PCRA petitions, the instant petition does not qualify as a "first" PCRA petition as to that judgment. ***Cf. Commonwealth v. Snook***, 230 A.3d 438, 445 (Pa.Super. 2020) (finding PCRA petition relating to new judgment of sentence was "first" petition, as opposed to serial petition relating to previous judgment of sentence). We therefore need not remand for

---

[2] In addition, as the PCRA court observed, these claims have either been waived or previously litigated. Conyers was not precluded from raising his layered ineffectiveness claim earlier, as he proceeded *pro se* on several occasions. Conyers moreover failed to raise his layered ineffectiveness claim in the instant PCRA petition.

appointment of counsel as to this claim. *Cf. id.* at 445 n.2 (noting a petitioner is ordinarily "entitled to the assistance of counsel to litigate a first PCRA petition").

Conyers' third issue—that the court violated his plea agreement by imposing consecutive sentences at his 2018 resentencing—requires remand. *See Commonwealth v. Lesko*, 15 A.3d 345, 374 (Pa. 2011) (holding PCRA petition was timely as to resentencing but not as to original conviction). Although it appears Conyers previously litigated a similar, if not identical claim on direct appeal, this is the first PCRA petition Conyers has filed since his 2018 resentencing, and he is therefore entitled to counsel to assist in raising claims as to that judgment of sentence. We accordingly vacate the PCRA court's order only insofar as it denied relief as to the 2018 resentencing, and remand this case for the appointment of PCRA counsel or proper waiver of counsel.

Order affirmed in part and vacated in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/13/2021