J-S19005-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　:　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　:　　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　:
　　　　　　v.　　　　　　　　　:
　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　:
JONATHAN CARABALLO-GONZALEZ　:
　　　　　　　　　　　　　　　　:
　　　　　　Appellant　　　　　　:　No. 3075 EDA 2024

Appeal from the PCRA Order Entered October 30, 2024
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s):  CP-39-CR-0000583-2023

BEFORE:  PANELLA, P.J.E., STABILE, J., and BECK, J.

MEMORANDUM BY PANELLA, P.J.E.:　　　　　　　**FILED JUNE 23, 2025**

Jonathan Caraballo Gonzalez appeals *pro se* from the order entered in the Lehigh County Court of Common Pleas on October 30, 2024, denying Gonzalez's petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546. For the reasons discussed below, we find the PCRA court properly denied relief and affirm.

In November 2022, Gonzalez was charged with persons not to possess firearms, firearms not to be carried without a license, simple possession, and use/possession of drug paraphernalia, following a traffic stop.

On August 17, 2023, Gonzalez entered a negotiated guilty plea to possession of a firearm prohibited. In exchange for his guilty plea, the Commonwealth agreed to amend that charge from a felony of the first degree to a felony of the second degree and to cap Gonzalez's minimum sentence at

the bottom of the standard range, at 44 months' incarceration. The remaining charges were dropped. The trial court accepted the plea following an oral guilty plea colloquy. The trial court sentenced Gonzalez the same day to 44 to 120 months' incarceration, in accordance with the negotiated plea agreement. No post-sentence motions or a direct appeal was filed.

On April 25, 2024, Gonzalez filed a timely *pro se* PCRA petition alleging his conviction violated his right to bear arms under both the United States and the Pennsylvania Constitutions. He further alleged his plea counsel was ineffective. Counsel was appointed but did not file an amended petition. Instead, PCRA counsel filed a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) ("Turner/Finley"), and a petition to withdraw as counsel.

On August 15, 2024, Gonzalez filed a *pro se* "Motion for the Appointment of Post-Conviction Counsel." In the motion, Gonzalez asserted for the first time that (1) plea counsel was ineffective for compelling him to plead guilty by inducing his plea with the promise of avoiding a harsher penalty; (2) plea counsel was ineffective for failing to file a timely post-sentence motion or direct appeal; and (3) his sentence was illegal because he "believed" the court was going to impose a sentence of 30 to 60 months' incarceration. Finally, Gonzalez, for the first time, asserted PCRA counsel was ineffective for filing a **Turner**/**Finley** letter in lieu of presenting his claims challenging his plea.

- 2 -

The PCRA court thereafter issued notice of its intent to dismiss the PCRA petition without an evidentiary hearing, pursuant to Pa.R.Crim.P. 907. In response, Gonzalez filed an objection, asserting PCRA counsel was ineffective for erroneously concluding his PCRA petition lacked merit.

On October 30, 2024, the PCRA court entered an opinion and order denying Gonzalez's PCRA petition. On the same date, the court granted PCRA counsel's request to withdraw. This timely appeal followed.

We review an order denying PCRA relief to examine "whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. We will not disturb findings that are supported by the record." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citations omitted).

Preliminarily, we note that Gonzalez's issue statement on appeal is presented in a rambling and somewhat incoherent fashion. As far as we can discern, he attempts to argue on appeal that he is entitled to an evidentiary hearing based on errors committed by the court during his plea colloquy and at sentencing; namely, he contends he waived his right to a suppression hearing in exchange for pleading guilty based on assurances of a lesser sentence, which he contends he did not receive. Notably, the issue statement does not reference either of his previous counsel, or any ineffective assistance by counsel.

The remainder of Gonzalez's brief continues in a rambling and confusing fashion. In the summary of the argument section, Gonzalez again raises a claim of trial court error for promising him a penalty of no more than 4 years' incarceration in exchange for him waiving a scheduled suppression hearing. He also argues that plea counsel was ineffective for failing to challenge the legality of the sentence imposed.

The Commonwealth takes issue with this woefully undeveloped brief, calling it "barely decipherable", and argues Gonzalez's "claims should be deemed waived for failure to adequately develop them." Commonwealth's Brief, at 6. We agree.

While recognizing that this Court can liberally construe a *pro se* brief, we conclude Gonzalez's argument is woefully inadequate. **See Commonwealth v. Ray**, 134 A.3d 1109, 1114-15 (Pa. Super. 2016) (stating that "status as a *pro se* litigant does not entitle [appellant] to any advantage due to his lack of legal training[]" and "a *pro se* litigant must still comply with the Pennsylvania Rules of Appellate Procedure.") (citation omitted); **see also Commonwealth v. Martz**, 232 A.3d 801, 811 (Pa. Super. 2020) (stating that this Court will not act as counsel or develop arguments for appellant).

Gonzalez had raised claims of ineffective assistance of plea counsel in his PCRA petition. However, in his appellate brief, he appears to have abandoned these claims and instead raises similar concerns in the form of claims of trial court error for the first time. Gonzalez also provides conclusory

statements that PCRA counsel was ineffective without setting forth the three prongs of the ineffectiveness test or discussing them. **See Commonwealth v. Spotz**, 896 A.2d 1191, 1250 (Pa. 2006) ("[B]oilerplate, undeveloped" arguments regarding ineffective assistance of counsel are "insufficient to establish an entitlement to post-conviction relief." (citation omitted)).

We acknowledge that Gonzalez timely raised his PCRA counsel's ineffectiveness claims at the first opportunity to do so pursuant to **Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2021) (holding that a PCRA petitioner may raise claims of PCRA counsel's stewardship on appeal if that is the first opportunity to do so). However, Gonzalez is not entitled to relief on these claims as he merely raises bald allegations of PCRA counsel's ineffectiveness and fails to satisfy any of the three prongs of the ineffectiveness test. **See Bradley**, 261 A.3d at 402 (noting that boilerplate allegations of ineffectiveness do not entitle a petitioner to relief); **see also Martz**, 232 A.3d at 811.

Furthermore, while Gonzalez includes an assortment of citations with limited discussion for each, his argument is unsupported by citation to and discussion of any relevant case law; i.e. caselaw related to our standard of review for ineffective assistance of counsel, the propriety of a guilty plea, or an illegal sentence. "When an appellant cites no authority supporting an argument, this Court is inclined to believe there is none." **Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775, 781 (Pa. Super. 2015) (*en banc*) (citing

Pa.R.A.P. 2119(a), which requires the appellant to discuss and cite to pertinent authorities) (some citations omitted). Therefore, Gonzalez waived his claims. *See Commonwealth v. Paddy*, 15 A.3d 431, 444 (Pa. 2011) (stating that when an appellant fails "to set forth all three prongs of the ineffectiveness test and [to] meaningfully discuss them, he is not entitled to relief, and we are constrained to find such claims waived for lack of development") (citation omitted).

We note, even if we had not found waiver, we would find the court properly denied the PCRA petition.

"Once a defendant enters a [guilty plea], it is presumed [] he was aware of what he was doing[.]" *Commonwealth v. Stork*, 737 A.2d 789, 790 (Pa. Super. 1999) (citation and brackets omitted). "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his colloquy." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (citation omitted). In assessing the voluntariness of a guilty plea, we note "[t]he law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made." *Commonwealth v. Yager*, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*) (citation and internal quotation marks omitted).

Here, the record is clear that the Commonwealth offered a "cap at the bottom of the standard range on his minimum sentence." N.T., Guilty Plea and Sentencing, 8/17/23, at 2. During the oral guilty plea colloquy, the court reiterated the plea agreement as follows:

Now, my understanding is that there was a plea that was offered, which was a cap at four years to a felony of the second degree. So that means that would be a cap at four years. So it could be four, three, two, one, down. And then the maximum could be up to ten years. So that was what the plea offer was in this case.

*Id.* at 4. After explaining that Gonzalez could still choose to pursue his pretrial suppression motion and/or go to trial, and what his possible sentences could be in that case, the following exchange took place:

THE COURT: … So the plea is a cap at 4 years, meaning 4, 3, 2, 1, minimum, up to 10 years. Or if you're found guilty at trial of all four offenses, you could potentially be looking at 15- and- a- half to 31 years in a state penitentiary. Do you understand?

[GONZALEZ]: Yes.

*Id.* at 5. The court then permitted Gonzalez to further discuss the plea agreement with counsel. Upon returning, counsel informed the court that Gonzalez planned to plead guilty. The court clarified if "it is still to the cap at 48 months", to which the Commonwealth clarified that the cap would be 44 months instead. *Id.* at 6. The court continued to colloquy Gonzalez including the following relevant exchange:

THE COURT: But you do have a plea in place. And so that plea is to a cap at 44 months minimum, meaning that your minimum is capped at 44 months. It could be 44 months or less. Do you understand?

[GONZALEZ]: Yes.

THE COURT: Your maximum could still be up to 10 years. Do you understand?

[GONZALEZ]: Yes.

THE COURT: Additionally, I could fine you up to $25,000. I'm not going to do that, but you need to understand what the fine could be. Do you understand?

[GONZALEZ]: Yes.

*Id.* at 7. After accepting the plea, the court then sentenced Gonzalez to "a period of not less than 44 months no more than 120 months" as had been previously discussed. *Id.* at 16. The record therefore clearly demonstrates that Gonzalez was explicitly apprised of the fact that the plea agreement's terms included not only a minimum of 4 years, but also a maximum of up to 10 years. Accordingly, Gonzalez's plea was "plainly set forth on the record, understood and agreed to by the parties and approved by the trial court." *Commonwealth v. Anderson*, 643 A.2d 109, 113 (Pa. Super. 1994)) (citations omitted). Therefore, to the extent Gonzalez attempts to claim his sentence violated his plea agreement, the argument would fail. He received exactly the sentence he bargained for after a proper and thorough colloquy.

As we find Gonzalez's claims are waived, or otherwise without merit, we affirm the order of the PCRA court denying Gonzalez's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>6/23/2025</u>