J-S25020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HAROLD BO HUFF, JR. | |
| Appellant | No. 1454 WDA 2014 |

Appeal from the Judgments of Sentence entered July 30, 2014
In the Court of Common Pleas of Jefferson County
Criminal Division at Nos: CP-33-CR-0000167-2013,
CP-33-CR-0000171-2013

BEFORE:  BENDER, P.J.E., STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                **FILED MAY 12, 2015**

Harold Bo Huff, Jr., appeals from the judgments of sentence entered after he admitted to violating his probation.  Appellant's counsel has filed an **Anders**[1] brief and petitioned to withdraw because he contends that this appeal is wholly frivolous.  We affirm and grant the petition to withdraw.

In 2013, Appellant was accused of two separate theft offenses.  In case No. 167, Appellant took a wallet misplaced by a customer in a Punxsutawney Rite Aid, and used an ATM card from the wallet.  In case No.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Anders v. California**, 386 U.S. 738 (1967); **see also Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009) (refining Pennsylvania's technical requirements for withdrawing under **Anders**).

171, Appellant stole several items of clothing from a shop in Brookville. Appellant pled guilty to access device fraud in case No. 167 and retail theft in case No. 171, (graded as a first-degree misdemeanor because it was Appellant's second offense and the merchandise stolen was worth more than $150).[2]  The trial court sentenced Appellant to 1 to 2 years in prison followed by 3 years of probation for access device fraud, and 4 to 24 months in prison followed by 3 years of probation for the retail theft conviction.  The trial court made the sentences concurrent.

After he was released from prison and while he was on state parole, Appellant admitted to violating his supervision.  The trial court revoked Appellant's probation in both cases and imposed new sentences of two to seven years in prison for access device fraud and six months to five years for retail theft, with credit for time served.  The trial court made the new sentences consecutive, resulting in an aggregate sentence of 2½ – 12 years in prison.  Appellant filed a motion to reconsider, which the trial court denied without a hearing.  This appeal followed.

On appeal, counsel directs this Court's attention to one issue of possible merit: the discretionary aspects of Appellant's revocation sentence. Before we may consider this issue, we must address whether counsel has met the requirements of **Anders**, as refined by **Santiago**.  To withdraw

---

[2] 18 Pa.C.S.A. §§ 4106(a)(1)(iv) and 3921(a)(1), respectively.

under *Anders*/*Santiago*, counsel must (1) petition this Court for leave to withdraw after certifying that a thorough review of the record indicates the appeal is frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) give the appellant a copy of the brief and advise the appellant of the right to obtain new counsel or file a *pro se* brief to raise any additional points for review. ***Commonwealth v. Millisock***, 873 A.2d 748, 751 (Pa. Super. 2005). Additionally, the *Anders*/*Santiago* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

We find that counsel has complied with ***Anders*** and ***Santiago***. Counsel has petitioned for leave to withdraw, filed a brief that refers us to anything that might support the appeal, and informed Appellant of his right to hire a new lawyer or file a *pro se* response.[3] Although counsel did not cite

---

[3] Appellant has filed a *pro se* response, which we will consider in due course.

the relevant portions of the record that could arguably support the issue raised, we find that the **Anders** brief is substantially compliant. **See Commonwealth v. Wrecks (Wrecks II)**, 934 A.2d 1287, 1290 (Pa. Super. 2007) (granting petition to withdraw where brief "substantially, if not perfectly complie[d] with **Anders**").

We now examine this appeal to determine whether it is wholly frivolous. **See Commonwealth v. Flowers**, 2015 PA Super 69, 2015 WL 1612010, at *2, 2015 Pa. Super. LEXIS 165, at *5 (filed Apr. 10, 2015) ("Binding precedent from the Pennsylvania Supreme Court and this Court requires that an independent review of the record include the review of the entire record for any non-frivolous issues."). We turn first to the issue raised in the **Anders** brief: Appellant's challenge to his sentence.

Following a finding that an offender has violated probation, a trial court has all the available sentencing alternatives that were available at the time of initial sentencing. 42 Pa.C.S.A. § 9771(b).

> The court shall not impose a sentence of total confinement upon revocation unless it finds that:
>
> > (1) the defendant has been convicted of another crime; or
> >
> > (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
> >
> > (3) such a sentence is essential to vindicate the authority of the court.

***Id.*** § 9771(c). A claim that a trial court failed to comply with § 9771(c) implicates the discretionary aspects of sentence—not legality. ***Commonwealth v. Schutzues***, 54 A.3d 86, 98 (Pa. Super. 2012).

A defendant has no automatic right to appeal the discretionary aspects of a sentence. 42 Pa.C.S.A. § 9781(b); ***Commonwealth v. Baker***, 72 A.3d 652, 662 (Pa. Super. 2013). Rather, we review a challenge to the discretionary aspects of a sentence only if (1) the appellant raised the issue before the trial court; (2) timely appealed; (3) sets forth the reasons why the sentence was inappropriate in the appellant's brief under Pa.R.A.P. 2119(f); and (4) raises a substantial question that the sentence is inappropriate. ***Baker***, 72 A.3d at 662.

Appellant has preserved a challenge to his sentence. Appellant filed a motion for reconsideration and a timely appeal. To the extent the Rule 2119(f) statement in the ***Anders*** brief is inadequate, the Commonwealth has not objected.[4] ***See Commonwealth v. Gould***, 912 A.2d 869, 872 (Pa. Super. 2005) (noting this Court may ignore noncompliance with Rule 2119(f) if the Commonwealth does not object). Finally, Appellant has raised a substantial question that the sentence is inappropriate. ***See Commonwealth v. Malovich***, 903 A.2d 1247, 1253 (Pa. Super. 2006) (holding claim that trial court imposed an excessive sentence for technical

---

[4] Indeed, the Commonwealth has failed to file an appellee's brief.

probation violations and failed to comply with § 9771(c) raised a substantial question). Finally, even if Appellant did not preserve his sentencing challenge, we would still examine the merits to determine whether it is wholly frivolous under **Anders**. **See Commonwealth v. Lilley**, 978 A.2d 995, 998 (Pa. Super. 2009).

We review the discretionary aspects of a revocation sentence for an abuse of discretion. **Commonwealth v. Ferguson**, 893 A.2d 735, 739 (Pa. Super. 2006). Here, the trial court stated that a sentence of total confinement was necessary to vindicate the court's authority, because of Appellant's significant prior record, and his repeat violations of supervision. **See** N.T., 7/30/14, at 3-8. The record shows that Appellant violated his state parole only days after being paroled. Appellant failed to report for three to four months thereafter. When county sheriff's deputies attempted to take him into custody, he gave a false name and then hid under a couch. Appellant also tested positive for marijuana. Appellant admitted to these violations. As justification for imposing the maximum possible sentence of incarceration (12 years), the trial court noted its intent to place Appellant under a long period of supervision because of his "hefty" prior record, and repeat violations and failures to report. In fact, the trial court rejected the adult probation department's recommendation of 3½ to 7 years, giving Appellant a shorter minimum sentence (2½ years with credit for time served), so that Appellant could be released into the community while under a long period of supervision by authorities. Moreover, in sentencing

Appellant, the trial court used a presentence investigation report. In sum, we agree with counsel's assessment that Appellant's challenge to the discretionary aspects of his sentence is wholly frivolous.

We turn next to Appellant's *pro se* response. It does not change our conclusion that the sentencing issue is frivolous. Appellant asks us to consider *Commonwealth v. Anderson*, 643 A.2d 109, 110 (Pa. Super. 1994), but our Supreme Court explicitly abrogated *Anderson* in *Commonwealth v. Wallace*, 870 A.2d 838, 844 (Pa. 2005) ("*Anderson*'s holding that 'any sentence imposed after probation revocation must not exceed the maximum sentence originally imposed' is legally unsupportable and is inconsistent with both the clear and unambiguous language of the Sentencing Code and th[e Supreme] Court's precedent.").

Finally, we have conducted an independent review of the entire record. *See Flowers*, *supra*. We are satisfied that no non-frivolous appellate issues exist. Accordingly, we affirm the judgments of sentence and grant counsel's petition to withdraw.

Judgments of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/12/2015

- 7 -