J-A15028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KOREY HOLLOWAY | |
| Appellant | No. 1695 EDA 2020 |

Appeal from the PCRA Order entered August 20, 2020
In the Court of Common Pleas of Lehigh County
Criminal Division at No: CP-39-CR-0002126-2011

BEFORE:  BOWES, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY STABILE, J.:　　　　**FILED SEPTEMBER 28, 2021**

Appellant, Korey Holloway, appeals *pro se* from the order the Court of Common Pleas of Lehigh County entered on August 20, 2020, dismissing his petition "to vacate illegal sentence and correct unjust record." The lower court found the claims raised therein to be governed by the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, and, upon review, denied Appellant's petition as an untimely PCRA petition. We affirm.

On May 15, 2012, Appellant pled guilty to firearms not to be carried without a license, graded as a felony in the third degree. The trial court sentenced Appellant to 12 months minus one day to 24 months minus one day's imprisonment to be followed by five years' probation. Appellant did not appeal.

After Appellant violated his probation, the trial court revoked his probation on May 28, 2016, and resentenced him to five years' probation.

Subsequently, Appellant violated his probation again. Accordingly, on January 11, 2017, the trial court revoked his probation and resentenced him to two to five years' imprisonment. Appellant did not appeal his judgment of sentence.

On September 20, 2018, Appellant filed a petition for review with the Commonwealth Court, challenging the legality of his sentence. On September 27, 2018, the Commonwealth Court dismissed the matter on the ground it lacked jurisdiction over the issue raised by Appellant, and that his lone mechanism for challenging the legality of his sentence was a PCRA petition. *See Holloway v. Pennsylvania Board of Probation and Parole*, 603 M.D. 2018 (Order filed 9/27/18).

On October 25, 2018, Appellant filed his first *pro se* PCRA petition. The PCRA court appointed counsel to assist Appellant through the PCRA proceedings. On February 8, 2019, appointed counsel, upon review, filed a motion to withdraw pursuant to *Turner*/*Finley*,[1] which the trial court granted on March 7, 2019. In response, Appellant filed an amended PCRA petition. The PCRA court issued a notice under Pa.R.Crim.P. 907 notifying Appellant of

---

[1] *Commonwealth v. Turner*, 544 A.2d 927 (pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

its intent to dismiss his first PCRA petition as untimely. On June 19, 2019, the PCRA court dismissed Appellant's first PCRA petition.

On April 21, 2020, Appellant filed the petition at issue in this appeal, *i.e.*, his petition "to vacate illegal sentence and correct unjust revocation," which, as noted, the trial court treated as a PCRA petition. In its July 10, 2020 Rule 907(1) notice to Appellant, the lower court noted:

> [Appellant]'s judgment became final on February 10, 2017, at the expiration of time for seeking direct review. § 9545(b)(3). Therefore, a timely petition had to be filed by February 12, 2018. [Appellant] filed the current petition on April 21, 2020, and he has failed to plead or prove an exception to the statutory time bar. § 9545(b)(1).
>
> Furthermore, the claims [Appellant] raises are the same as he raised in his first petition, which [the PCRA court] dismissed as untimely on June 12, [2019]. [Appellant] did not appeal the decision. As such, the issues were previously litigated and may not be raised again. 42 Pa.C.S.A. § 9543(a)(3); § 9544.

Notice of Intent to Dismiss, 7/10/20, n.1.

On August 20, 2020, the PCRA court denied Appellant's second PCRA petition as untimely for the reasons set forth in its July 10, 2020 notice. This appeal followed.

Appellant raises several claims for our review,[2] the thrust of which appears to be that his conviction and/or his sentence is/are illegal, that the

---

[2] Appellant's statement of questions involved on appeal, which we reproduce verbatim, reads as follows:

*(Footnote Continued Next Page)*

- 3 -

lower court should have known about the alleged illegality and acted on it, and that he is entitled to relief on those bases. Appellant also claims the PCRA court erred in not holding a hearing on his petition.

In his "Petition to Vacate Illegal Sentence and Correct Unjust Revocation," Appellant addressed at length the merits of his claims but offered no discussion about the timeliness of his claims. *See* Appellant's Petition to Vacate Illegal Sentence and Correct Unjust Revocation, 4/21/20, at 2-5.

The lower court treated Appellant's petition as a PCRA petition, and ultimately denied it as untimely. Nowhere in his Rule 1925(b) statement did Appellant challenge the court's characterization of his petition as untimely.[3]

_____

Whether the PCRA Court erred when it denied the petitioners request to correct an illegal and unjust sentence when they had the ability to do so.

Whether the PCRA Court erred by resentencing the petitioner to over the maximum per the guidelines causing an illegal sentence.

Whether the PCRA Court erred by unjustly revoking the petitioner's probation.

Whether the PCRA Court erred by not allowing the petitioner to have a hearing prior to the denial of his PCRA Petition.

Appellant's Brief at 5.

[3] The concise statement of errors complained of on appeal reads as follows:

1. The trial court erred by resentencing [Appellant] to over the maximum per the guidelines causing an illegal sentence.
2. The trial court erred by unjustly revoking [Appellant's] probation.

*(Footnote Continued Next Page)*

- 4 -

On appeal, Appellant attempts to address the timeliness of his petition for the first time,[4] claiming governmental interference under 42 Pa.C.S.A. § 9545(1)(i). He claims the reason for the untimeliness of the underlying petition is attributable to errors made by the Commonwealth Court in connection with his petition for review.

Additionally, for the first time on appeal, Appellant, after acknowledging that "his current PCRA petition is not timely on its face," Appellant's Brief at 16, argued that "[a] claim that a sentence is illegal may be raised any time," *id.*, relying on ***Commonwealth v. Hollawell***, 604 A.2d 723 (Pa. Super. 1992) ("the trial court unquestionably possess the inherent power to correct an unlawful sentence at any time"), ***Commonwealth v. Anderson***, 643 A.2d 109 (Pa. Super. 1994) ("power to correct clerical error judicial mistakes not limited by 30-day rule"), and ***Commonwealth v. Holmes***, 933 A.2d 57 (Pa. 2007) ("always power is with the trial court to correct alleged illegal sentences

---

3. The trial court erred by not allowing [Appellant] to have a hearing prior to denial of his PCRA petition.
4. The trial court erred by continually overlooking [Appellant's] request for transcripts.
5. The trial court erred in not appointing counsel to represent [Appellant] for this petition.

Appellant's Statement of Errors Complained of on Appeal, 10/20/20, at 2.

[4] "Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). For the reasons explained in the main text, Appellant's arguments in support of timeliness are meritless regardless of his failure to preserve them below.

about jurisdiction pursuant to 42 Pa.C.S. 5505 or PCRA"). Appellant's Brief at 16-18.[5] For the reasons explained below, Appellant is entitled to no relief.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008). The timeliness requirements of the PCRA petition must be met, even if the underlying claim is a challenge to the legality of the sentence. *See Commonwealth v. Fahy*,

---

[5] The above parenthetical references to **Hollawell**, **Anderson**, and **Holmes** are repeated verbatim from Appellant's brief.

737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto") (citation omitted).

We agree with the unchallenged PCRA court's finding of untimeliness of the underlying PCRA petition. Indeed, neither Appellant's underlying petition nor his statement of matters complained of on appeal address the timeliness of the underlying petition, despite being the principal, if not the only, ground relied upon by the PCRA court in dismissing Appellant's PCRA petition. *See* PCRA Court Order, 7/10/20. As such, we agree with the PCRA court that the underlying PCRA petition is untimely.

The timeliness of the underlying PCRA petition, which, as noted, was not challenged below, is addressed in the argument section of Appellant's brief. Appellant argues—again, for the first time on appeal—that we can entertain the merits of his claims because he met the governmental interference exception set forth in 42 Pa.C.S.A. § 9545(b)(1)(i). We disagree.

Appellant explained the applicability of the governmental interference exception as follows:

> [T]he failure to raise the claim previously was the result of interference by government officials with the presentation of claim in violation of Constitutions or Laws of this Commonwealth or Laws of the United States Constitution [sic]. [Appellant] filed a petition in the Commonwealth Court of Pennsylvania, appealing the decision of [the trial court imposed on January 11, 2017]. [*See Holloway v. Pennsylvania Board of Probation and Parole*, 603 M.D. 2018.]

Appellant's Brief at 7.

Relying on 42 Pa.C.S.A. § 5103(a), Appellant argues that the Commonwealth Court erred in not time stamping and transferring the matter to our Court. "By failing to transfer the filing, this constitutes interference by government officials." *Id.* at 8. Thus, Appellant believes that any delay with the presentation of the underlying petition is due to errors committed by the Commonwealth Court. We disagree.

Nothing that happened in the Commonwealth Court affected the timeliness of Appellant's second (instant) PCRA petition. In fact, even if Appellant's petition for review had been transferred to this Court, the petition was still untimely on its face. Indeed, Appellant's sentence became final at the expiration of the 30-day period to seek allowance of appeal before the Supreme Court, *i.e.*, February 10, 2017. Appellant had one year to file a timely PCRA petition, *i.e.*, February 13, 2018.[6] The petition for review, which was filed on September 20, 2018, was over seven months late. Because the petition was untimely on its face and because it failed to address the applicability of any of the exceptions to the one-year time bar, no court could

---

[6] 1 Pa.C.S.A.§ 1908 prescribes, "Whenever the last day of any [time] period [referred to in any statute] shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation." February 10, 2018, fell on a Saturday. February 11, 2018, fell on a Sunday. Monday, February 12, 2018, was Presidents' Day. Thus, these days are omitted from the computation of the PCRA's statute of limitations.

have addressed its merits. The governmental interference claim is, therefore, unsupported by the record, and no relief is due to Appellant.

Appellant's reliance on **Hollawell**, **Anderson**, **Holmes**, and/or 42 Pa.C.S.A. § 5505 is misplaced.[7] While our Supreme Court has "upheld the inherent authority of trial courts to correct patent mistakes in sentences despite the absence of statutory jurisdiction" under 42 Pa.C.S.A. § 5505, "we have found no authority wherein appellate courts of this Commonwealth have recognized a PCRA court's inherent jurisdiction to consider a claim filed after the expiration of the PCRA filing period." **Commonwealth v. Jackson**, 30 A.3d 516, 519 (Pa. Super. 2011) (discussing **Holmes**). The **Jackson** court also noted:

> Section 9545 of the PCRA is not amenable to . . . equitable exceptions. Section 9545 expressly states that a PCRA petition "shall be filed within one year of the date the judgment becomes final" unless one of the statutory exceptions is pled and proven. 42 Pa.C.S.A. § 9545. Our courts have strictly interpreted this requirement as creating a jurisdictional deadline. **See Fahy**, **supra** at 222 ("court has no authority to extend filing periods except as [section 9545] permits"); **Commonwealth v. McKeever**, 947 A.2d 782, 784–85 (Pa. Super. 2008) (court is not permitted to "disregard, alter, or create equitable exceptions to the timeliness requirement [of section 9545]"). Further, our courts have interpreted jurisdiction under section 9545 differently than section 5505. Unlike section 5505, section 9545 does not merely grant a court authority to consider a PCRA petition for a limited period of time; it acts to divest a court of jurisdiction once the filing period has passed. **See** [**Commonwealth v. Perrin**,

---

[7] Whether a PCRA court has jurisdiction to correct allegedly illegal sentences absent statutory jurisdiction under the PCRA is a question of law. **Holmes**, 933 A.2d at 65. Accordingly, "our scope of review is plenary and our standard of review is *de novo*." **Id.**

> 947 A.2d 1284, 1285 (Pa. Super. 2008)] (courts are without jurisdiction to consider the merits of untimely PCRA petition). Therefore, when the one-year filing deadline of section 9545 has expired, and no statutory exception has been pled or proven, a PCRA court cannot invoke inherent jurisdiction to correct orders, judgments and decrees, even if the error is patent and obvious.[8]

*Id.* at 522-23.

Accordingly, in light of **Jackson**, Appellant's reliance on **Hollawell**, **Anderson**, **Holmes**, and/or 42 Pa.C.S.A. § 5505 to overcome the untimeliness of his PCRA petition is misplaced.

Because the underlying petition is untimely, neither the PCRA court nor this Court can entertain the merits of the petition. **See**, **e.g.**, **Fahy**, 737 A.2d at 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, courts have no jurisdiction to entertain the petition); **Chester**, **supra** (same); **Jackson**, **supra** (same). Accordingly, we conclude that the PCRA court properly found that it lacked jurisdiction to entertain the underlying petition. Likewise, since the underlying petition is untimely, we cannot review the merits of any of the claims raised before us.[9] Accordingly, we affirm the order of the lower court.

---

[8] This rule is applicable even if, as here, the challenge involves the legality of the sentence. **See Fahy**, **supra**.

[9] Because Appellant failed to plead and prove that the instant PCRA petition is timely, the PCRA court did not err in not holding a hearing on an untimely petition. **See Commonwealth v. Marshall**, 947 A.2d 714, 723 (Pa. 2008) (defendant was not entitled to evidentiary hearing on petition for post-conviction relief that was untimely filed, and which did not adequately allege any statutory exception to one-year limitations period for filing petition).

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/28/2021